| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **11** |
| ☐ Check if this an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy       06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Mariner Health Central, Inc.

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  
06-1476203

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3060 Mercer University Drive<br>Suite 200<br>Atlanta, GA 30346<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| DeKalb<br>County | **Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**

**6. Type of debtor**  
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor  **Mariner Health Central, Inc.**  Case number (*if known*)_____
        Name

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __5612__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ■ Chapter 11. Check **all** that apply:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ■ No.
   ☐ Yes.

   District _____ When _____ Case number _____
   District _____ When _____ Case number _____

Debtor **Mariner Health Central, Inc.**     Case number (*if known*) _____
     Name

| | | |
|---|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>■ Yes. | |

List all cases. If more than 1, attach a separate list

Debtor **See Attachment**     Relationship _____
District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49      ☐ 1,000-5,000      ☐ 25,001-50,000
☐ 50-99      ☐ 5001-10,000      ☐ 50,001-100,000
■ 100-199      ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000      ■ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000      ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000      ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million      ☐ $100,000,001 - $500 million      ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000      ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion

Debtor **Mariner Health Central, Inc.** _____ Case number (*if known*)_____
Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor **Mariner Health Central, Inc.**     Case number (*if known*) _____
     Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 19, 2022**
             MM / DD / YYYY

X *Lawrence R Perkins (Sep 17, 2022 18:08 GMT+2)*      **Lawrence Perkins**
   Signature of authorized representative of debtor      Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

X    **/s/ Laura Davis Jones**        Date **September 19, 2022**
   Signature of attorney for debtor             MM / DD / YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19899-8705**
Number, Street, City, State & ZIP Code

Contact phone **(302) 652-4100**     Email address **ljones@pszjlaw.com**

**2436 DE**
Bar number and State

Debtor **Mariner Health Central, Inc.**  Case number (*if known*)
Name

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

Debtor **Parkview Operating Company, LP**  Relationship to you  **Affiliate**
District **Delaware**  When _____  Case number, if known

Debtor **Parview Holding Company GP, LLC**  Relationship to you  **Affiliate**
District **Delaware**  When _____  Case number, if known

MARINER HEALTH CENTRAL, INC.

Unanimous Written Consent of the Board

September 18, 2022

The undersigned, being the sole member of the Board of Directors of MARINER HEALTH CENTRAL, INC., hereby approves, adopts and ratifies, by written consent the actions and resolutions attached hereto as <u>Exhibit A</u>.

This written consent may be executed in counterparts, each of which constitutes and original, and all of which, taken together, constitute one and the same original, and facsimile and digital signatures on these resolutions shall be deemed to constitute original signatures.

IN WITNESS WHEREOF, the undersigned has executed this consent to be effective as of the date first above written.

**SOLE MEMBER OF BOARD OF DIRECTORS**

*Craig A. Barbarosh*
Craig A. Barbarosh (Sep 17, 2022 17:04 PDT)

Craig Barbarosh

# EXHIBIT A

## RESOLUTIONS OF THE BOARD OF MARINER HEALTH CENTRAL, INC.

WHEREAS, the board of directors (the "Governing Body") of MARINER HEALTH CENTRAL, INC. (the "Company") has reviewed and considered certain materials and information presented by the management of the Company and the Company's financial and legal advisors; including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, ability and need to obtain financing, the short- and long-term prospects of the Company, strategic alternatives available to it, venue considerations, and the effect of the foregoing on the Company's business, residents, creditors and stakeholders, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to consider the strategic alternatives available to the Company; and

WHEREAS, on its review of the engagement letter of SierraConstellation Partners LLC ("SCP"), dated September 16, 2022, and the terms and conditions therein, and upon the advice of counsel, the Governing Body has determined that the terms and conditions of such letter are customary in agreements of such kind and fair and reasonable to the Company and that it is advisable and in the best interests of the Company to engage SCP to provide Lawrence Perkins to serve as Chief Restructuring Officer of the Company (the "CRO") and other personnel to support the CRO, effective as of the date of filing the petition for bankruptcy, until the appointment and qualification of his successor, or until his earlier resignation, death or removal; and

WHEREAS, the Governing Body has determined that it is in the best interests of the Company, its creditors, residents, and other parties in interest, to pursue relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") for the Company and that the Company undertake related actions (collectively, the "Restructuring Matters").

**NOW, THEREFORE, BE IT RESOLVED THAT:**

**1. CHAPTER 11 FILING AND RELATED RELIEF**

   A. The Governing Body hereby appoints Lawrence Perkins as CRO, effective as of the date hereof, until the appointment and qualification of his successor, or until his earlier resignation, death or removal, with the duties and responsibilities attendant to such office in the ordinary course, including, without limitation, to oversee and direct all matters related to the preparation and execution of a restructuring proceeding, including but not limited to: (a) addressing all matters relating to budget items, including construction of a budget, reviewing disbursements, and creating variance reports, (b) assisting in the identification of cost reduction and operations improvement opportunities, (c) developing, and if deemed appropriate pursuing confirmation of, restructuring plans or strategic alternatives for maximizing enterprise value of the Company's business, (d) assisting with managing and overseeing the financial restructuring of the businesses, assets, liabilities, and interests of the Company, (e) assisting the Company's management with all issues related to executing and overseeing a restructuring, (f) assisting with managing vendor relationships, (g) serving as the principal contact with the Company's creditors

and banks with respect to the Company's financial and operational matters, (h) working with the Company's counsel and financial advisor to optimize capital structure and assess strategic alternatives, (i) attending meetings and assisting in discussions with banks, creditors and other parties in interest, and professionals hired by same, as requested, and (j) providing other related services as requested by the Company and the Governing Body in connection with the Chapter 11 Case.

    B.   The Company shall file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code for the Company in the United States Bankruptcy Court for the District of Delaware or such other court as the appropriate officer or officers of the Company shall determine to be appropriate (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof.

    C.   Each of Lawrence Perkins, as Chief Restructuring Officer, Craig Barbarosh, as director, and any other director or duly appointed officer of the Company (together, and with any persons to whom such person delegate certain responsibilities, each, an "Authorized Person" and collectively, the "Authorized Persons"), is hereby authorized and appointed to act as signatory on behalf of the Company in respect of the Restructuring Matters, and each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are, authorized and empowered to execute, verify, deliver and file on behalf of, and in the name of, the Company all petitions, schedules, lists, motions, applications, pleadings, and other papers or documents to commence or administer the Chapter 11 Case and obtain any relief in accordance with these resolutions, and to take, or cause to be taken, any and all action that such Authorized Person(s) in his/her/their absolute discretion deems necessary, appropriate or desirable to obtain the relief authorized in these resolutions, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operations of the Company's or any of its affiliate's businesses, and to prosecute the Chapter 11 Case, including proposing, and seeking confirmation of, any plan or plans of reorganization, and any and all other actions that such Authorized Person(s) in his/her/their absolute discretion deems necessary, appropriate or desirable to obtain to prosecute or defend in the Chapter 11 Case.

## 2. RETENTION OF PROFESSIONALS

    A.   Each Authorized Person is authorized and empowered on behalf of, and in the name of, the Company to engage the following professionals on behalf of the Company: (i) the law firm of Raines Feldman LLP as general bankruptcy counsel, (ii) the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as local bankruptcy counsel, (iii) SierraConstellation Partners LLC, to provide Lawrence Perkins to serve as CRO and other personnel to support the CRO pursuant to the terms of the applicable engagement letter, (iv) Kurtzman Carson Consultants LLC, as claims and noticing agent, and (v) any other legal counsels, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Person deems necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all actions to advance the Company's rights and interests (including, without limitation, the law firms filing

any pleadings and responses, and making any filings with regulatory agencies or other governmental authorities); and, in connection therewith, each Authorized Person be, and hereby is, authorized and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the Company's Chapter 11 Case, and cause to be filed appropriate applications for authority to retain such services, and such Authorized Person's retention thereof to constitute conclusive evidence of such's approval and the necessity, desirability or appropriateness thereof.

B. The law firm Raines Feldman LLP, PSZJ, and any additional special or local counsel selected by the Authorized Person, if any, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code.

C. Each Authorized Person is hereby authorized, empowered and directed to retain on behalf of the Company such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company in connection with the Chapter 11 Case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required.

3. FINANCING

A. Each Authorized Person is hereby authorized and directed to obtain postpetition financing and/or use of cash collateral according to the terms negotiated and approved by the Authorized Officers, including under one or more debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on the Company's assets as contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Persons are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all such financing related documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof.

B. Each Authorized Person is hereby authorized, directed, and empowered in the name of, and on behalf of, the Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with any such financing transaction(s) and all fees and expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of any financing related documents, which shall in their sole judgment be necessary, appropriate, or desirable to perform any of the Company's obligations under or in connection with such financing arrangements and to carry out fully the intent of these resolutions.

4. GENERAL

A. In addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person is hereby authorized and empowered on behalf of, and in the name of, the Company to (i) take or cause to be taken (or to not take or cause not to be taken) any action(s) with respect to the transactions contemplated by these resolutions, and to prepare, execute and deliver or cause to be prepared, executed and delivered and, where necessary or appropriate, file or cause to be filed with the Bankruptcy Court or appropriate governmental

authorities, all such necessary or appropriate instruments, agreements, forms, consents, and documents, (ii) incur and pay or cause to be paid all fees and expenses associated with or arising out of the actions authorized, or purposes of the resolutions adopted, herein, and (iii) engage persons, as any Authorized Person shall in his or her sole discretion deem necessary, appropriate or desirable to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, such determination to be conclusively established by the taking or causing of any such further action.

B.  All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, ratified, and adopted in all respects as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by the Governing Body.  The signature of any Authorized Person on any document, instrument, certificate, agreement or other writing shall constitute conclusive evidence of the approval of such act or thing by the Company.

C.  Each Authorized Person is hereby authorized and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions.

D.  Each Authorized Person is hereby authorized and empowered to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the corporate officers of the Company as may be requested.

E.  The Governing Body directs that this written consent (if applicable) be filed with the minutes of the proceedings of the Governing Body.

# CERTIFICATE OF SECRETARY
# OF
# MARINER HEALTH CENTRAL, INC.

## September 19, 2022

The undersigned being the duly authorized signatory or duly appointed and authorized Secretary of MARINER HEALTH CENTRAL, INC. (the "Company"), hereby delivers this Certificate on behalf of the Company and does hereby certify, in my capacity as such duly appointed and authorized Secretary or authorized signatory, as applicable, that I have access to the records of the Company and I am familiar with the facts herein certified; and

I further certify that attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions duly adopted and approved on September 18, 2022 by the Governing Body (as defined therein) of the Company and that such resolutions (a) have not been amended, rescinded, or modified since their adoption and remain in full force and effect as of the date hereof, and (b) were adopted in accordance with the provisions of applicable law and the organizational documents of the Company.

IN WITNESS WHEREOF, the undersigned has executed this certificate on behalf of the Company as of the date hereof.

*Devin M. Ehrlich*
Devin M. Ehrlich (Sep 16, 2022 18:14 EDT)

Devin M. Ehrlich
Secretary

| Fill in this information to identify the case: |
|---|
| Debtor name MARINER HEALTH CENTRAL, INC. |
| United States Bankruptcy Court for the District of Delaware |
| Case number (If known): _____ |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Marciela Ledesma, et al.<br>c/o Law Office Of Susan Kang Gordon<br>Attn: Susan Y. Kang Gordon, Esq.<br>21C Orinda Way, #162<br>Orinda, CA 94563<br><br>c/o Fiore Acherman, a Law Corp.<br>Attn: Jennifer Fiore, Esq.<br>Attn: Sophia Achermann, Esq.<br>340 Pine Street, Suite 503<br>San Francisco, CA 94104-3237<br><br>c/o Johnson Moore<br>Attn: Jody C. Moore<br>Attn: Gregory Johnson<br>100 E. Thousand Oaks Blvd., Suite 229<br>Thousand Oaks, CA 91360 | Susan Y. Kang Gordon<br>(510) 440-6146<br>susan@skg-law.com<br><br><br>Jennifer Fiore<br>Sophia Achermann<br>(415) 550-0650<br>jennifer@thefafirm.com<br>sophia@thefafirm.com<br><br>Judy C. Moore<br>Gregory Johnson<br>(805) 988-3661<br>judy@johnson-moore.com<br>gregory@johnson-moore.com | Litigation | Disputed | | | 14,695,914.08 |
| 2 | Integra Med Analytics, LLC<br><br>c/o Miller Barondes LLP<br>Attn: Jason H. Tokor<br>999 Avenue of the Stars, Suite 100<br>Los Angeles, CA 90067<br><br>c/o Reid Collins & Tsai, LLP;<br>Attn: P. Jason Collins<br>Attn: Jeremy H. Wells<br>1301 S. Capital of Texas Highway<br>Building C, Suite 300<br>Austin TX 78746 | Jason H. Tokor<br>(310) 552-4400<br>jtokoro@millerbarondess.com<br><br><br>Jason Collins<br>Jeremy H. Wells<br>(512) 647-6129<br>jcollins@rctlegal.com<br>jwells@rctlegal.com | Litigation | Contingent<br>Disputed<br>Unliquidated | | | 10,000,000.00 |
| 3 | Tampa Avenue Property LLC<br>Attn: Miriam Pichey<br>7770 Edgewater Drive, Suite 660<br>27 Elit Street Rear<br>Jaimaica Plain., MA 02130 | Miriam Pichey<br>(732) 371-3261<br>mimi_pichey@hotmail.com | Rent | | | | 3,867,736.32 |

Debtor  MARINER HEALTH CENTRAL, INC.                                     Case number (*if known*)_____
        Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | People of the State of California<br><br>c/o<br>Matthew Rodriguez, Acting Attorney General<br>Jennifer Euler Chief Assitant AG<br>Luke Vanderdrift Deputy AG;<br>2329 Gateway Oaks Dr., Suite 200,<br>Sacramento, CA 95833-4252<br><br>c/o<br>Nancy E. O'Mally District Attorney of Alameda County<br>Lori Schnall Deputy District Attorney<br>1225 Fallon St., Suite 900<br>Oakland, CA 94612-4208<br><br>c/o<br>Lori E Frugoli, District Attorney of Marin<br>Andres Perez, Deputy District Attorney<br>2501 Civic Center Drive, Suite 145<br>San Rafael, CA 94903-4189<br><br>c/o<br>Jeffrey Rosell, District Attorney of Santa Cruz County<br>Doug Allen, ADA<br>701 Ocean Street, Suite 200<br>Santa Cruz, CA 95060<br><br>c/o<br>George Gascon, District Attorney of Los Angeles County<br>Seza Mikikian, Deputy District Attorney<br>211 West Temple Street, Suite 1000<br>Los Angeles, CA 90012 | Luke Vanderdrift<br>(916) 621-1829<br>luke.vanderdrift@doj.ca.gov<br><br><br><br>Lori Schnall<br>(510) 272-6222<br>Lori.schnall@acgov.org<br><br><br><br>Andres Perez<br>(415) 473-6450<br>aperez@marinercounty.org<br><br><br><br>Doug Allen<br>(831) 454-2930<br>douglas.allen@santacruzcounty.us<br><br><br><br>Seza Mikikian<br>(213) 257-4500<br>smikikian@da.lacounty.gov | Litigation | Contingent<br>Disputed<br>Unliquidated | | | 2,000,000.00 |
| 5 | Noridian Healthcare Solutions LLC<br>Attn: Cynthia Thormodson, CFO<br>900 42nd Street S<br>Fargo, ND 58103 | Cynthia Thormodson, CFO<br>(855) 609-9960<br>JE-ERS@noridian.com | Fiscal Intermediary | | | | 1,504,909.54 |
| 6 | Fundamental Administrative Services<br>Attn: Mark Fulchino<br>920 Ridgebrook Road<br>Sparks, MD 21152 | Mark Fulchino<br>(410) 773-1000<br>Mark.fulchino@fundltc.co | Support Services | | | | 1,392,000 |
| 7 | Bio-Pacific, LLC<br>Attn: Marilyn Washington<br>1338 20th Street<br>Santa Monica, CA 90404 | Marilyn Washington<br>(310) 975-9092<br>mjwashington@marinerhealthcare.com | Therapy Services | | | | 627,000.00 |
| 8 | Sky Power Secure Solutions, Inc.<br>Attn: Echezonam Michael Ndinwa<br>1508 253rd Street<br>Harbor City, CA 90710 | Echezonam Michael Ndinwa<br>(310) 531-7599 | Security Services | | | | 332,500.00 |
| 9 | Iron Mountain Information Management, LLC<br>Attn: Michael Merski<br>One Federal Street<br>Boston, MA 02110 | Michael Merski<br>(615) 543-4581<br>Michael.merski@ironmountain.com | Offsite Storage | | | | 270,000.00 |
| 10 | JJJ Health Care Staffing Agency, LLC<br>Attn: Joshua Ramos<br>2135 Aldengate Way #2<br>Hayward, CA 94545 | Joshua Ramos<br>(510) 200-6504<br>jbramos@triplejheart.com | Nursing Registry | | | | 229,970.00 |

Debtor    MARINER HEALTH CENTRAL, INC.    Case number (if known)  
　　　　　Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 11 | Hayward Area Historical Society<br>Attn: Dianne Curry<br>22380 Foothill Boulevard<br>Hayward, CA 94541 | Diane Curry<br>(510) 581-0223<br>diane@haywardareahistory.org | Rent | | | | 221,604.00 |
| 12 | Pharmerica<br>Attn: Robert Dries<br>805 North Whittington Parkway<br>Louiseville, KY 40222-5186 | Robert Dries<br>(844) 931-2178<br>robert.dries@pharmerica.com | Pharmacy Services | | | | 203,623.50 |
| 13 | First Call Nursing Services<br>Attn: Maricar Cantora<br>1313 North Milpitas Boulevard, Suite 154<br>Milpitas, CA 95035 | Maricar Cantora<br>(408) 262-1533<br>info@firstcallnursingservices.com | Nursing Registry | | | | 187,000.00 |
| 14 | Hooper Lundy & Bookman PC<br>Attn: Scott Kiepen<br>101 Montgomery Street, 11th Floor<br>San Francisco, CA 94104 | Scott Kiepen<br>(415) 875-8500<br>skiepen@health-law.com | Legal Fees | | | | 150,000.00 |
| 15 | Harmony Healthcare International<br>430 Boston St., Suite 104<br>Topsfield, MA 01983 | Kris Mastrangelo<br>978-887-8919<br>KrisBHarmony@harmony-healthcare.com | Legal Fees/Expert | | | | 150,000.00 |
| 16 | Boyd Gentry<br>Attn: Boyd Gentry<br>1499 Blake St.,<br>Suite 10 D<br>Denver, CO 80202 | Boyd Gentry<br>(404) 394-6596<br>bpg@gentryassociates.net | Consulting Services | | | | 116,400.00 |
| 17 | Kingston 17<br>Attn: Noel Scarlett<br>18 Bartol Street, #974<br>San Francisco, CA 94133 | Norel Scarlett<br>(888) 664-4208<br>noelgscarlett@outlook.com | Security Services | | | | 104,400.00 |
| 18 | California, State of<br>Attn: Shirley N. Weber, Secretary of State<br>1500 11th Street<br>Sacramento, CA 95814 | Shirley N. Weber, Secretary of State<br>(916) 653-6814<br>askpublicaffairs@state.gov | | | | | 92,326.00 |
| 19 | Mason Family 1993 Trust<br>Attn: Frances Hicks Mason<br>2609 Honolulu Avenue<br>Montrose, CA 91020 | Frances Hicks Mason<br>(818) 957-1881<br>fmason@dsm2cloud.com | Rent | | | | 64,150.00 |
| 20 | Nutrition Therapy Essentials<br>Attn: Suzanne Ousey<br>2350 West Shaw Avenue<br>Fresno, CA 9311 | Suzanne Ousey<br>(408) 258-0790<br>suzanneousey@gmail.com | Dietician Services | | | | 47,500.00 |
| 21 | Seyfarth Shaw<br>Attn: Cynthia Mitchell<br>620 8th Ave., #33<br>New York, NY 10018 | Cynthia Mitchell<br>(212) 218-5500<br>cmitchell@seyfarth.com | Legal Fees | | | | 41,929.13 |
| 22 | Vitawerks<br>Attn: Shveta Mangal<br>702 PORTOFINO LANE<br>Foster City, CA 94404 | Shveta Mangal<br>(309) 472-3146<br>shveta@vitawerks.com | Staffing Agency | | | | 36,430.70 |

Debtor  MARINER HEALTH CENTRAL, INC.  
        Name

Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecuredclaim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecuredclaim |
| 23 | Medline Industries<br>Attn: Charles Mills<br>PO Box 382075<br>Pittsburgh, PA 15251-8075 | Charles Mills<br>(800) 633-5463<br>cmills@medline.com | | | | | 33,215.71 |
| 24 | Bhupinder Bhandari MD Inc.<br>Attn: Bhupinder Bhandari MD<br>3755 Beacon Avenue<br>Fremont, CA 94538 | Bhupinder Bhandari MD<br>(510) 796-7796<br>Drbhandari4service@yahoo.com | Medical Director | | | | 33,000.00 |
| 25 | Diagnostic Laboratories & Radiology<br>Attn: Brendan Lamanna<br>930 Ridgebrook Road<br>Sparks Glencoe, MD 21152 | Brendan Lamanna<br>(215) 442-0660 Ext. 74060<br>Brendan.Lamanna@TridentCare.com | Lab/Xray Services | | | | 30,843.00 |
| 26 | Ability Network<br>100 North 6th Street, Suite 900A<br>Minneapolis, MN 55485 | Julie Lambert<br>888-460-4310<br>support@abilitynetwork.com | Software-Payor Eligibility | | | | 28,312.20 |
| 27 | Stone Mountain Medical Associates, Inc.<br>Attn: Karl Steinberg, M.D.<br>3608 Napa Court<br>Oceanside, CA 92056 | Karl Steinberg, M.D.<br>(760) 473-8253<br>Steinberg.Karl@scrippshealth.org | Chief Medical Officer – Independent Contractor | | | | 24,000.00 |
| 28 | Hayward Water System<br>Attn: Barbara Halliday<br>777 B Street<br>Hayward, CA 94541 | Barbara Halliday<br>(510) 583-4600<br>Barbara.halliday@hayward-ca.gov | Utility | | | | 16,486.50 |
| 29 | Sysco San Francisco Inc.<br>Attn: Dan M. Locker<br>24500 Northwest Freeway<br>Cypress, TX 77429 | Dan M. Locker<br>(908) 672-2469<br>Dan.locker@sysco.com | Food | | | | 10,397.17 |
| 30 | PG&E<br>Attn: Brian Wong, General Counsel<br>77 Beale Street, 24th Floor<br>Mail Code B24W<br>San Francisco, CA 94105 | Brian Wong, General Counsel<br>(800) 468-4743<br>CorporateSecretary@pge.com | Utility | | | | 10,344.80 |

IN THE UNITED STATES BANKRUPTCY COURT
THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., | ) | |
| | ) | Case No. 22-_____ (___) |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Mariner Health Care Management Company | 3060 Mercer University Drive Suite 200 Atlanta, GA 30341 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

IN THE UNITED STATES BANKRUPTCY COURT
THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC.,<br><br>Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 22-_____ (\_\_\_)<br>)<br>)<br>)<br>) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

Mariner Health Care Management Company is the sole shareholder of debtor Mariner Health Central, Inc.; Mariner Health Care, Inc. is the sole shareholder of Mariner Health Care Management Company; and National Senior Care, Inc. is the sole shareholder of Mariner Health Care, Inc. None of these entities are publicly traded or controlled by any publicly traded company.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Mariner Health Central, Inc. |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   **Debtor's Corporate Ownership Statement and Debtor's List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 19, 2022**      X  *Lawrence R Perkins (Sep 17, 2022 18:08 GMT+2)*
Signature of individual signing on behalf of debtor

**Lawrence Perkins**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor