# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC.,<br><br>                Debtor.<br><br>Tax I.D. No. 06-1476203 | Case No: 22-10877 (    )<br><br>Chapter 11 |
| In re:<br><br>PARKVIEW OPERATING COMPANY, LP,<br><br>                Debtor.<br><br>Tax I.D. No. 46-4677273 | Case No. 22 -10878 (    )<br><br>Chapter 11 |
| In re:<br><br>PARKVIEW HOLDING COMPANY GP, LLC,<br><br>                Debtor.<br><br>Tax I.D. No. 81-2071536 | Case No. 22 -10879 (    )<br><br>Chapter 11 |

**MOTION OF DEBTORS SEEKING ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF THEIR
RELATED CHAPTER 11 CASES FOR PROCEDURAL
PURPOSES ONLY AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. In support of this Motion, the

1

Debtors rely on the *Declaration of Lawrence Perkins in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Court.

2.  The bases for the relief requested herein are sections 105(a) and 342 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1(m) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion if later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these cases and no official committees have been appointed or designated.

5.  A full description of the Debtors' operations, corporate structure, capital structure, and reasons for commencing these cases is set forth in the First Day Declaration, filed contemporaneously with this Motion and incorporated herein by reference.[1]

---

[1] Capitalized terms used but not defined herein have the meanings given in the First Day Declaration.

## RELIEF REQUESTED

6. The Debtors seek entry of the Proposed Order: (a) directing procedural consolidation and joint administration of their related chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of Mariner Health Central, Inc., and that these chapter 11 cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22 -10877 (     ) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

7. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8. Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of the case of Mariner Health Central, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Mariner Health Central, Inc., Case No. 22-10877; Parkview Operating Company, LP, Case No. 22-10878; and Parkview Holding Company GP, LLC, Case No. 22-10879. The docket in the chapter 11 case of Mariner Health Central, Inc., Case No. 22-10877, should be consulted for all matters affecting this case.

9. The Debtors also request that the Court permit the use of a combined service list and combined notices.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that if. "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Local Rule 1015-1.

11. Further, joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g., In re First Guaranty Mortgage Corporation*, 22-10584 (CTG) (Bankruptcy D. Del. July 1, 2022); *In re Sequential Brands Group, Inc.* 21-11194 (JTD) (Bankruptcy D. Del. September 1, 2021); *In re High Ridge Brands Co., et al.*, No. 19-12689 (BLS) (Bankr. D. Del. December 19, 2019) (directing joint administration of chapter 11 cases); *In re PES Holdings, LLC,* No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. July 22, 2019) (same); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Mar. 12, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 7, 2019) (same); *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del Oct. 5, 2018) (same); *In re VER Techs. Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018) (same).[2]

---

[2] Because of their lack of novelty, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

12. Here, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code, and joint administration of these cases will ease the administrative burden for the Court and the parties in interest in these chapter 11 cases. Accordingly, joint administration is authorized under the Bankruptcy Rules and Local Rules and warranted in these chapter 11 cases.

13. Given the nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases and to stay apprised of the various matters before the Court with greater ease and efficiency.

14. Moreover, joint administration will not prejudice or adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. In fact, parties in interest will benefit from the ease of monitoring all of the chapter 11 cases within one case docket and the cost reductions associated with the joint administration of these chapter 11 cases.

15. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates and creditors, and all other parties in interest, and therefore should be granted.

## NOTICE

16. Notice of this Motion is being provided to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the Centers for Medicare & Medicaid Services; (v) the Attorney General for the State of California; (vi) all parties on the Debtors' consolidated list of 30 largest unsecured creditors; and (vii) all parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m). As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this

Motion and any order entered in respect to this Motion as required by Local Rule 9013-l(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 19, 2022
       Wilmington, Delaware

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com
              mcalloway@pszjlaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice* pending)
Carollynn H.G. Callari (*pro hac vice* pending)
David S. Forsh (*pro hac vice* pending)
**RAINES FELDMAN LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019-4801
Telephone:   (917) 790-7100
Email:        hrafatjoo@raineslaw.com
              ccallari@raineslaw.com
              dforsh@raineslaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*