# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (    ) |
| Debtors. | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR AUTHORIZATION TO (I) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (III) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR DEBTORS' EMPLOYEES AND INDIVIDUAL CREDITORS, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (i) authorizing the Debtors to file a consolidated list of creditors (the "Creditor Matrix"), (ii) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors and (iii) authorizing the Debtors to redact certain personal identification information for the Debtors' employees and individual creditors. In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Lawrence Perkins in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Court.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, Inc. (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

1

2. The basis for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9013-1(m) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion if later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases. The Debtors have also filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

5. A detailed description of the Debtors' business operations, corporate structure, capital structure, and reasons for commencing these cases is set forth in full in the First Day Declaration, which was filed contemporaneously with this Motion and which is incorporated herein by reference.[2]

## RELIEF REQUESTED

6. The Debtors seek entry of the Proposed Order: (a) authorizing the Debtors to file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor; (b) authorizing the Debtors to file a consolidated list of the Debtors' thirty largest unsecured creditors

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

in lieu of filing lists for each Debtor; (c) authorizing the Debtors to redact certain personal identification information for the Debtors' employees and individual creditors; and (d) granting related relief.

**BASIS FOR RELIEF**

*A. A Consolidated List of Creditors is Warranted.*

7. Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice." The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted. Here, the preparation of separate lists of creditors for each of the Debtors would be costly and administratively burdensome and the Debtors have contemporaneously filed a motion to jointly administer these cases under the Mariner Health Central, Inc. case. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicative mailings.[3] In addition, a single consolidated creditor matrix will alleviate an unnecessary burden for the Court, the Debtors, and the Debtors' professionals while the Debtors are adjusting to bankruptcy and focusing on developing a value-maximizing restructuring in an effort to confirm a plan of reorganization and emerge from Chapter 11 in a stronger position, benefiting the patients and communities that they serve.

8. Moreover, the Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See, e.g.*, *In re First Guaranty Mortgage Corporation*, 22-10584 (CTG) (Bankruptcy D. Del. July 1, 2022); *In re Sequential Brands Group, Inc.* 21-11194 (JTD) (Bankruptcy D. Del. September 1, 2021)*; In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (authorizing the maintenance of a consolidated list of creditors in lieu of separate mailing matrices); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr.

---

[3] If any of the Debtors' chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

D. Del. Apr. 9, 2019) (same); *In re ATD Corp.*, No. 18-12221 (KC) (Bankr. D. Del. Oct. 4, 2018) (same); *In re VER Technologies Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018) (same); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (same).[4]

**B.     *Consolidated List of Top 30 Creditors is Warranted.***

9.      Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 30 largest unsecured claims, excluding insiders" (the "Top 30 List").  This Top 30 List is primarily used by the United States Trustee for the District of Delaware (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to Bankruptcy Code section 1102. *See In re Dandy Doughboy Donuts, Inc.,* 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("[t]he purpose of the separate list of [20] largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to immediately appoint an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)"); *see also,* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Alan N. Resnick et al. eds., 16th ed. rev. 2012) ("the larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").

10.     The Debtors request authority to file a single list of their thirty (30) largest general unsecured creditors on a consolidated basis.[5]  Because the Top 30 Lists of the Debtors could overlap causing duplicate creditors and any Debtor may have fewer than twenty significant unsecured creditors, the Debtors submit that filing separate Top 30 Lists for each Debtor would be of limited utility.  The Debtors believe that a single consolidated list of their top thirty (30) unsecured creditors in these chapter 11 cases would be more reflective of the body of unsecured

---

[4]   Because of their lack of novelty, such orders have not been attached to this Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

[5]   If any of the Debtors' chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within 10 days of any such conversion.

creditors that have the greatest stake in these cases than separate lists for each of the Debtors.  In addition, the exercise of compiling separate Top 30 Lists for each individual Debtor could consume an excessive amount of the Debtors' and their advisors' limited time and resources.  Further, the Debtors believe that a single, consolidated list of the Debtors' thirty (30) largest unsecured, non-insider creditors will aid the U.S. Trustee in any efforts to communicate with those creditors.

11. Courts in this district have granted similar relief to the relief requested herein.  *See, e.g., In re Things Remembered, Inc.,* No. 19-10234 (KG) (Bankr. D. Del. Feb. 7, 2019) (authorizing the debtors to file a consolidated list of the debtors' top thirty creditors); *In re NSC Wholesale Holdings LLC*, No. 18-12394 (KJC) (Bankr. D. Del. Oct. 26, 2018) (authorizing the debtors to file a consolidated list of the debtors' top twenty creditors); *In re Gibson Brands, Inc.*, No. 18-11025 (CSS) (Bankr. D. Del. May 2, 2018) (allowing the debtors to file a consolidated list of the debtors' top thirty creditors); *In re City Sports, Inc.*, No. 15-12054 (KG) (Bankr. D. Del. Oct. 6, 2015) (same).

12. Accordingly, the Debtors submit that filing a consolidated list of their thirty (30) largest unsecured creditors is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

### C. *Redaction of Personal Identification Information of Debtors' Employees and Individual Creditors is Warranted.*

13. Additionally, Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).  Moreover, Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The

Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—including the Debtors' employees—and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft or locate survivors of domestic violence or stalking. Indeed, the addresses of the Debtors' creditors and employees are of limited significance to the public at large. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[6] Home addresses are precisely the sort of personally identifiable information that the Court can and should protect. *See In re Dex Media, Inc.,* Case No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

14. Further, certain of the Debtors' individual creditors are patients whose personal information is protected under various state and federal laws including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Debtors are seeking authority to redact the names and addresses for individuals covered by HIPAA.[7] The Debtors propose to provide an un-redacted version of the Creditor Matrix to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), any official committee appointed in these chapter 11 cases (the "Committee"), and to the Court; provided, however, that the Debtors shall not be required to provide an un-redacted version of the Creditor Matrix to the U.S. Trustee or any official committee appointed in these chapter 11 cases until such party signs a confidentiality agreement acceptable to the Debtors, unless otherwise ordered by the Court, and the Debtors shall only provide an un-redacted version of the Creditor Matrix to the Court by filing it under seal.

15. Courts in this jurisdiction and others have granted similar relief in comparable chapter 11 cases. *See, e.g., In re THG Holdings, LLC,* No. 19-11689 (JTD) (Bankr. D. Del. Aug.

---

[6] The incident, which took place during the first *Charming Charlie* chapter 11 proceeding in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.,* No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

[7] Concurrently herewith, the Debtors also are filing a *Motion For Entry Of An Order Authorizing Certain Procedures To Maintain The Confidentiality Of Patient Information As Required By Applicable Privacy Rules*, seeking to protect individuals covered by HIPAA.

22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Aug. 16, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019) (authorizing the debtors to redact personal information of their employees and former employees); *In re Hollander Sleep Products, LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. June 4, 2019) (authorizing the debtors to redact address information of individual creditors listed on the creditor matrix); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. May 20, 2019) (authorizing the debtor to list on the creditor matrix the debtor's corporate mailing address instead of home addresses for current employees).

16. In *Dex Media*, the U.S. Trustee objected to the debtors' request to redact employees' addresses, arguing that there was no basis for treating employees differently from other creditors absent specific identifiable harm. Judge Gross rejected this argument, recognizing the importance of protecting individuals from unnecessary security risk:

> I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so, you know, I just think that individuals whose only position is to have been former employees, for example, ought not to have their home addresses listed publicly. I think that that is – creates a possibility of abuse and so, I am going to grant the order [to seal].

Hr'g Tr. at 21:13-21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

17. In summary, the Motion is an honest, good-faith effort to protect the Debtors' creditors and employees' privacy and security and to comply with various state and federal laws, including HIPAA. Further, the Debtors are not seeking to redact any more information than is reasonably necessary to protect the creditors and employees' privacy and security and to comply with applicable precedent in this District. Indeed, as noted above, the Debtors can and will provide an un-redacted version of the Creditor Matrix to the U.S. Trustee, the Committee and to this Court upon request as described above. Thus, the Debtors' request strikes an appropriate and reasonable

balance between the general preference for transparency and the need to ensure that personal information is not misused.

## NOTICE

18. Notice of this Motion is being provided to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the Centers for Medicare & Medicaid Services; (v) the Attorney General for the State of California; (vi) all parties on the Debtors' consolidated list of 30 largest unsecured creditors; and (vii) all parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m). As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-l(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Motion has been made to this or any other court.

*[ remainder of page intentionally left blank ]*

# CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 19, 2022
      Wilmington, Delaware

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com
mcalloway@pszjlaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice* pending)
Carollynn H.G. Callari (*pro hac vice* pending)
David S. Forsh (*pro hac vice* pending)
**RAINES FELDMAN LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019-4801
Telephone: (917) 790-7100
Email: hrafatjoo@raineslaw.com
ccallari@raineslaw.com
dforsh@raineslaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*