# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22 - 10877 (     ) |
| Debtors. | (Joint Administration Requested) |

**APPLICATION OF THE DEBTORS FOR APPOINTMENT OF
KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT
EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), appointing Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent ("Claims and Noticing Agent") in these chapter 11 cases effective as of the Petition Date (as defined below). In support of this Application, the Debtors submit the *Declaration of Evan Gershbein* (the "Gershbein Declaration"), attached hereto as Exhibit B, and respectfully submit as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Court.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

1

2. The statutory bases for the relief requested herein are section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2002-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases. The Debtors have also filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

5. A description of the Debtors' operations, corporate structure, capital structure, and reasons for commencing these cases is set forth in full in the *Declaration of Lawrence Perkins in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which was filed contemporaneously with this Application and is incorporated herein by reference.[2] Additional facts in support of the specific relief sought herein are set forth below.

---

[2] Capitalized terms used but not otherwise defined in this Application shall have the meanings given to them in the First Day Declaration.

## RELIEF REQUESTED AND BASIS THEREFOR

6.     The Debtors request entry of an order appointing KCC as the Claims and Noticing Agent for the Debtors and their chapter 11 cases, including assuming full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtors' chapter 11 cases. The Debtors' selection of KCC to act as the Claims and Noticing Agent satisfies the Court's *Protocol for the Employment of Claims and Notice Agents under 28 U.S.C. § 156(c)* (the "Claims Agent Protocol") in that the Debtors obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that KCC's rates are competitive and reasonable given KCC's quality of services and expertise. The terms of KCC's retention are set forth in the *KCC Agreement for Services* attached as Exhibit 1 to the Order (the "Services Agreement"); *provided* that the Debtors are seeking approval solely of the terms and provisions of the Services Agreement as set forth in this Application and the proposed Order attached hereto.

7.     Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be approximately 1,450 of entities to be noticed. Local Rule 2002-1(f) provides that "[i]n all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file [a] motion [to retain a claims and noticing agent] on the first day of the case or within seven (7) days thereafter." In light of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 2002-1(f) and is otherwise in the best interests of both the Debtors' estates and their creditors.

8. Bankruptcy Rule 2002 generally regulates what notices must be given to creditors and other parties in interest in bankruptcy cases. Fed. R. Bankr. P. 2002(f). Under Bankruptcy Rule 2002(f), the Court may direct that some person other than the Office of the Clerk of Court (the "Clerk") give notice of the various matters described below. Moreover, section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of a bankruptcy court, authorizes the Court to use "facilities" or "services" other than the Clerk for administration of bankruptcy cases. 28 U.S.C. § 156(c). Specifically, the statute states, in relevant part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

9. In addition, Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the [claims and noticing services].

Del. Bankr. L.R. 2002-1(f). Accordingly, Bankruptcy Rule 23002, Local Rule 2002-1(f), and section 156(c) of title 28 of the United States Code empower the Court to utilize outside agents and facilities for notice and claims purposes, provided that the Debtors' estates bear the cost of such services.

10. For all of the foregoing reasons, the Debtors believe that the appointment of KCC as the Claims and Noticing Agent in these chapter 11 cases is necessary and in the best interests

of the Debtors, their estates and creditors, and all parties in interest. Furthermore, the Debtors respectfully submit that the fees and expenses that would be incurred by KCC under the proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

## KCC'S QUALIFICATIONS

11. KCC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. KCC's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. KCC's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. KCC's active and recent former cases include: *In re First Guaranty Mortgage Corporation, et al.*, Case No. 22-10584 (CTG) (Bankr. D. Del. Jun. 30, 2022) (authorizing employment and retention of KCC as debtors' claims and noticing agent); *In re Zosano Pharma Corporation,* Case No. 22-10506 (JKS) (Bankr. D. Del. Jun. 1, 2022); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) (Bankr. D. Del. Aug. 31, 2021); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 6, 2021) (same); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. June 16, 2020) (same); *In re Pace Indus., LLC*, No. 20-10927 (MFW) (Bankr. D. Del. Apr. 14, 2020) (same); *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (same); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 8, 2020) (same); *In re Valeritas Holdings, Inc.*, No. 20-10290 (LSS) (Bankr. D. Del. Feb. 12, 2020) (same); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019) (same); *In re Celadon Grp., Inc.*, No. 19-12606 (KBO) (Bankr. D. Del. Dec. 10, 2019) (same); *In re HRI Holding Corp.*,

No. 19-12415 (MFW) (Bankr. D. Del. Nov. 15, 2019) (same); *In re Highland Capital Mgmt., L.P.*, No. 19-12239 (CSS) (Bankr. D. Del. Oct. 18, 2019) (same); *In re Bayou Steel BD Holdings, L.L.C.*, No. 19-12153 (KBO) (Bankr. D. Del. Oct. 3, 2019) (same); *In re Pancakes & Pies, LLC (f/k/a Perkins & Marie Callender's, LLC)*, No. 19-11743 (KG) (Bankr. D. Del. Aug. 6, 2019) (same); *In re Emerge Energy Services LP*, No. 19-11563 (KBO) (Bankr. D. Del. Jul. 17, 2019) (same); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. Apr. 24, 2019) (same); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. Apr. 16, 2019) (same); *In re Southcross Energy Partner, L.P.*, et al, Case No. 19-10702 (MFW) (Bankr. D. Del. Apr. 1, 2019); *In re Novum Pharma, LLC*, Case No. 19-10209 (Bankr. D. Del. Feb. 3, 2019); *In re Egalet Corporation, et al.*, Case No. 18-12439 (BLS) (Bankr. D. Del. Oct. 30, 2018); *In re Welded Construction, L.P., et al.*, Case No. 18-12378 (KG) (Bankr. D. Del. Oct. 22, 2018); *In re ATD Corporation, et al.*, Case No. 18-12221 (KJC) (Banrk. D. Del. Oct. 4, 2018); *In re RM Holdco LLC, et al.*, Case No. 18-11795 (MFW) (Bankr. D. Del. Aug. 5, 2018); *In re Heritage Home Group LLC, et al.*, Case No. 18-11736 (KG) (Bankr. D. Del. Jul. 29, 2018); *In re Tintri, Inc.*, Case No. 18-11625 (KJC) (Bankr. D. Del. Jul. 10, 2018); *In re Orexigen, Inc.*, Case No. 18-10518 (KG) (Bankr. D. Del. Mar. 12, 2018); *In re Rand Logistics, Inc., et al.*, Case No. 18-10175 (BLS) (Bankr. D. Del. Jan. 29, 2018).

12. By appointing KCC as the Claims and Noticing Agent in these chapter 11 cases, the distribution of notices and the processing of claims will be expedited, and the Clerk will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

**SERVICES TO BE PERFORMED**

13. This Application pertains only to the work to be performed by KCC under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f). Any work

to be performed by KCC outside of this scope is not covered by this Application or by any order granting approval hereof.³ Specifically, KCC will perform the following tasks, as necessary, in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

(a) Prepare and serve required notices and documents in these chapter 11 cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these chapter 11 cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

(b) Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c) Maintain (i) a list of all potential creditors, equity holders, and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party in interest or the Clerk;

(d) Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f) For all notices, motions, orders, or other pleadings or documents served, prepare and file, or cause to be filed with the Clerk, an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in

---

³ The Debtors may seek authorization to retain and employ KCC as administrative advisor in these chapter 11 cases by separate application pursuant to section 327(a) of the Bankruptcy Code because the administration of these chapter 11 cases will require KCC to perform duties outside the scope of 28 U.S.C. § 156(c).

7

alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g) Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(h) Maintain the official claims register for each Debtor (collectively, the "<u>Claims Registers</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vi) the applicable Debtor; and (vii) any disposition of the claim;

(i) Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original proofs of claim;

(j) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(k) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of KCC, not less than weekly;

(l) Upon completion of the docketing process for all proofs of claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(m) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(n) Assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(o) If these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to KCC of entry of the order converting the cases;

(p) Thirty days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing KCC as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

(q) Within seven days of notice to KCC of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims

     Registers as of the date immediately before the close of the chapter 11 cases; and

  (r)  At the close of these chapter 11 cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (B) any other location requested by the Clerk's office, and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

  14.  The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by KCC.

## PROFESSIONAL COMPENSATION

  15.  The Debtors respectfully request that the undisputed fees and expenses incurred by KCC in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. KCC agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any other party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

  16.  Prior to the Petition Date, the Debtors provided KCC a retainer in the amount of $25,000. KCC seeks to first apply the retainer to all prepetition invoices and, thereafter, to have the advance replenished to the original advance amount and, thereafter, to hold the advance under the Services Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

17. Additionally, under the terms of the Services Agreement, the Debtors have agreed to indemnify, defend, and hold harmless KCC and its members, officers, employees, representatives, and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from KCC's gross negligence or willful misconduct or as otherwise provided in the Services Agreement or Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

## **DISINTERESTEDNESS**

18. Although the Debtors do not propose to employ KCC under section 327 of the Bankruptcy Code pursuant to this Application (such retention may be sought by separate application as appropriate), KCC has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and the Debtors have been advised that, to the best of the KCC's knowledge, information, and belief, and except as disclosed in the Gershbein Declaration, KCC neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

19. Moreover, in connection with its retention as Claims and Noticing Agent, KCC represents in the Gershbein Declaration, among other things, that:

    (a)    KCC is not a creditor of the Debtors;

    (b)    KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

    (c)    By accepting employment in these chapter 11 cases, KCC waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, KCC will not be an agent of the United States and will not act on behalf of the United States;

(e) KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, KCC will not intentionally misrepresent any fact to any person;

(h) KCC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) KCC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by KCC as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

20. KCC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## COMPLIANCE WITH CLAIMS AND NOTICING AGENT PROTOCOL

21. This Application complies with the Claims Agent Protocol and substantially conforms to the standard section 156(c) application in use in this Court. To the extent that there is any inconsistency between this Application, the Order, and the Services Agreement, the Order shall govern.

## NOTICE

22. Notice of this Application is being provided to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the Centers for Medicare & Medicaid Services; (v) the Attorney General for the State of California; (vi) all parties on the Debtors' consolidated list of 30 largest unsecured creditors; and (vii) all parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m). As this Application is seeking "first day"

relief, within two business days of the hearing on this Application, the Debtors will serve copies of this Application and any order entered in respect to this Application as required by Local Rule 9013-l(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23. No prior request for the relief sought in this Application has been made to this or any other court.

## CONCLUSION

24. WHEREFORE, the Debtors respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting such other relief as is just and proper.

Dated: September 19, 2022  
Wilmington, Delaware

/s/ Laura Davis Jones  
Laura Davis Jones (DE Bar No. 2436)  
**PACHULSKI STANG ZIEHL & JONES LLP**  
919 North Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, DE 19899-8705 (Courier 19801)  
Telephone:    (302) 652-4100  
Facsimile:    (302) 652-4400  
Email:            ljones@pszjlaw.com

-and-

Hamid R. Rafatjoo (*pro hac vice* pending)  
Carollynn H.G. Callari (*pro hac vice* pending)  
David S. Forsh (*pro hac vice* pending)  
**RAINES FELDMAN LLP**  
1350 Avenue of the Americas, 22nd Floor  
New York, NY 10019-4801  
Telephone:    (917) 790-7100  
Email:            hrafatjoo@raineslaw.com  
                    ccallari@raineslaw.com  
                    dforsh@raineslaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*