# EXHIBIT B

**EVAN GERSHBEIN DECLARATION**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22 - 10877 (    ) |
| Debtors. | (Joint Administration Requested) |

### DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF APPLICATION OF DEBTORS FOR APPOINTMENT OF <u>KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT</u>

I, Evan Gersbein, declare as follows:

1. I am an Executive Vice President, Corporate Restructuring at Kurtzman Carson Consultants LLC ("<u>KCC</u>") a chapter 11 administrative services firm whose office is located at 222 N. Pacific Coast Hwy, 3rd Floor, El Segundo, California 90245. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and, if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration is made in support of the *Application of the Debtors for Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Effective as of the Petition Date*, to which this declaration is attached (the "<u>Application</u>").[2]

3. KCC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. KCC's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

1

administrative aspects of chapter 11 cases and experience in matters of this size and complexity. KCC's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. KCC's active cases and recent former cases include the following: *In re First Guaranty Mortgage Corporation, et al.*, Case No. 22-10584 (CTG) (Bankr. D. Del. Jun. 30, 2022) (authorizing employment and retention of KCC as debtors' claims and noticing agent); *In re Zosano Pharma Corporation,* Case No. 22-10506 (JKS) (Bankr. D. Del. Jun. 1, 2022); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) (Bankr. D. Del. Aug. 31, 2021); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 6, 2021) (same); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. June 16, 2020) (same); *In re Pace Indus., LLC*, No. 20-10927 (MFW) (Bankr. D. Del. Apr. 14, 2020) (same); *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (same); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 8, 2020) (same); *In re Valeritas Holdings, Inc*., No. 20-10290 (LSS) (Bankr. D. Del. Feb. 12, 2020) (same); *In re Melinta Therapeutics, Inc*., No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019) (same); *In re Celadon Grp., Inc*., No. 19-12606 (KBO) (Bankr. D. Del. Dec. 10, 2019) (same); *In re HRI Holding Corp*., No. 19-12415 (MFW) (Bankr. D. Del. Nov. 15, 2019) (same); *In re Highland Capital Mgmt., L.P.*, No. 19-12239 (CSS) (Bankr. D. Del. Oct. 18, 2019) (same); *In re Bayou Steel BD Holdings, L.L.C*., No. 19-12153 (KBO) (Bankr. D. Del. Oct. 3, 2019) (same); *In re Pancakes & Pies, LLC (f/k/a Perkins & Marie Callender's, LLC)*, No. 19-11743 (KG) (Bankr. D. Del. Aug. 6, 2019) (same); *In re Emerge Energy Services LP*, No. 19-11563 (KBO) (Bankr. D. Del. Jul. 17, 2019) (same); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. Apr. 24, 2019) (same); *In re Achaogen, Inc*., No. 19-10844 (BLS) (Bankr. D. Del. Apr. 16, 2019) (same); *In re Southcross Energy Partner, L.P.*, et al, Case No. 19-10702 (MFW) (Bankr. D. Del. Apr. 1, 2019);

*In re Novum Pharma, LLC*, Case No. 19-10209 (Bankr. D. Del. Feb. 3, 2019); *In re Egalet Corporation, et al.*, Case No. 18-12439 (BLS) (Bankr. D. Del. Oct. 30, 2018); *In re Welded Construction, L.P., et al.*, Case No. 18-12378 (KG) (Bankr. D. Del. Oct. 22, 2018); *In re ATD Corporation, et al.*, Case No. 18-12221 (KJC) (Banrk. D. Del. Oct. 4, 2018); *In re RM Holdco LLC, et al.*, Case No. 18-11795 (MFW) (Bankr. D. Del. Aug. 5, 2018); *In re Heritage Home Group LLC, et al.*, Case No. 18-11736 (KG) (Bankr. D. Del. Jul. 29, 2018); *In re Tintri, Inc.*, Case No. 18-11625 (KJC) (Bankr. D. Del. Jul. 10, 2018); *In re Orexigen, Inc.*, Case No. 18-10518 (KG) (Bankr. D. Del. Mar. 12, 2018); *In re Rand Logistics, Inc., et al.*, Case No. 18-10175 (BLS) (Bankr. D. Del. Jan. 29, 2018).

4. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), KCC will perform, at the request of the Clerk, the services specified in the Application and the Services Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Application and the Services Agreement. In performing such services, KCC will charge the Debtors the rates set forth in the Services Agreement, which rate structure is attached as Exhibit 1 to Exhibit A, annexed to the Application.

5. KCC represents, among other things, the following:

(a) KCC is not a creditor of the Debtors;

(b) KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c) By accepting employment in these chapter 11 cases, KCC waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, KCC will not be an agent of the United States and will not act on behalf of the United States;

3

(e) KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, KCC will not intentionally misrepresent any fact to any person;

(h) KCC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) KCC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by KCC as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

6. I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases. The list of Potential Parties in Interest was provided by the Debtors and included, among other things, the Debtors, non-Debtor affiliates, significant equity holders, the Debtors' directors and officers, secured creditors, top 30 unsecured creditors, vendors, and other parties. The results of the conflict check were compiled and reviewed by KCC professionals under my supervision. At this time, and as set forth in further detail herein, KCC is not aware of any relationship that would present a disqualifying conflict of interest. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to promptly file a supplemental declaration.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither KCC nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. KCC may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in

which KCC serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

8. KCC is an indirect subsidiary of Computershare Limited ("Computershare"). Computershare is a financial services and technologies provider for the global securities industry, including providing administrative transfer agent services such as maintaining records of shareholdings and share transfers. Within the Computershare corporate structure, KCC operates as a separate, segregated business unit. As such, any relationships that Computershare and its affiliates maintain do not create an interest of KCC that is materially adverse to the Debtors' estates or any class of creditors or security holders.

9. KCC has reviewed its electronic database to determine whether it has any relationships with the list of entities provided by the Debtors. Based on the results of such search, at this time, KCC is not aware of any relationship that would present a disqualifying conflict of interest. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to promptly file a supplemental declaration. KCC, as well as its personnel, has and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases. KCC may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

10. KCC has and will continue to represent clients in matters unrelated to these chapter 11 cases. KCC and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such

firms engaged by KCC or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. All engagements where such firms represent KCC or its personnel in their individual capacities are unrelated to these chapter 11 cases.

11. To the best of my knowledge, neither KCC nor any of its professionals represents any interest materially adverse to the Debtors' estates with respect to any matter upon which KCC is to be engaged. Based on the foregoing, I believe that KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: September 19, 2022

Evan Gershbein
Executive Vice President, Corporate Restructuring
Kurtzman Carson Consultants LLC

3084447.1