# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22- 10877 (   ) (Joint |
| Debtors. | Administration Requested) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing certain procedures to maintain the confidentiality of patient information as required by applicable privacy rules. In support of the Motion, the Debtors rely on the *Declaration of Lawrence Perkins in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), and respectfully submit as follows:

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Court.

2. The predicates for the relief requested herein are sections 105(a), 107, and 521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 1007 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

1

3. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to entry of a final order by the Court in connection with this Motion if later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases. The Debtors have also filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

5. The three Debtors are part of the Mariner Health Care group of healthcare services providers, consultants and holding companies (collectively, the "Mariner Companies"), all of which are direct or indirect subsidiaries of non-Debtor Mariner Health Care, Inc. Certain of the Mariner Companies operate 20 skilled nursing facilities, with nearly 2,200 licensed beds and approximately 3,100 employees, that provide short-term rehabilitation, comprehensive post-acute skilled care, long-term care, therapy, and other services. For more than 30 years, the Mariner Companies have delivered quality, affordable care to historically underserved persons and communities. Additional information regarding the Debtors' operations, structure, liabilities, and the events leading up to the commencement of these cases is set forth in the First Day Declaration, which is incorporated herein by reference.[2]

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of the Proposed Order authorizing certain procedures to maintain the confidentiality of patient information as required by the Health

---

[2] Capitalized terms used but not defined herein have the meanings given in the First Day Declaration.

Insurance Portability and Accountability Act of 1996 ("HIPAA"), while providing required disclosures in these Chapter 11 Cases.

7. The Debtors request that the Court establish the following procedures (the "Privacy Procedures") to balance the need to protect patient health information pursuant to HIPAA with the need to disclose information regarding these Chapter 11 Cases to the public:

<ol type="a">
<li>the Debtors shall omit any reference to current or former patients from the matrix of creditors and any certificate of service;</li>

<li>the Debtors shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court and to the United States Trustee upon request; and (ii) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so;</li>

<li>the Debtors and/or their proposed claims and noticing agent shall maintain a list of all current or former patients (the "Patient List") that appear on the matrix of creditors, and shall make the Patient List, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so; and</li>

<li>when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List.</li>
</ol>

## BASIS FOR RELIEF REQUESTED

8. HIPAA and its corresponding regulations impose stringent standards on health care providers and establish significant penalties for any health care provider that uses or discloses patient information. *See* 42 U.S.C. § 1302d *et seq.*, 45 C.F.R. § 164.502.

9. Because the Debtors qualify as health care providers that transmit health information, they are considered "covered entities" under 45 C.F.R. § 160.103. This designation prevents the Debtors from disclosing, except in limited circumstances, "individually identifiable health information." 45 C.F.R. § 164.502. HIPAA defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or for which there is a reasonable basis to believe that the information can be used to identify the

3

individual." 42 U.S.C. § 1302d(6). Individually identifiable health information is referred to as PHI under HIPAA.

10. The Debtors could be subjected to significant monetary penalties for the unauthorized disclosure of PHI. 45 C.F.R. § 160.402. Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. 45 C.F.R. § 160.404(b)(2)(i).

11. The Debtors believe that the requirements to maintain patient confidentiality under HIPAA conflict with the requirements to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under Bankruptcy Code section 521(a)(1)(A) and the duty to file schedules of all assets and liabilities under Bankruptcy Code section 521(a)(1)(B)(i). The Debtors therefore respectfully request that such patient information be protected through the proposed Privacy Procedures herein pursuant to Bankruptcy Code section 107(c), which allows a bankruptcy court, for cause, to protect an individual if disclosure would create an undue risk of unlawful injury. *See also* Bankruptcy Rule 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation).

12. This Court may also approve the proposed Privacy Procedures pursuant to section 105(a) of the Bankruptcy Code, which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. The Debtors believe that the relief requested herein appropriately balances the need to maintain confidential patient information under HIPAA with the need for adequate disclosure under the Bankruptcy Code. Given the nature of any information that may reveal even the identity of patients, confidentiality in this context is of paramount importance.

14. Further, relief similar to that requested in this Motion has been granted in comparable chapter 11 cases in this district. *See, e.g., In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Apr. 1, 2021) [D.I. 150] (authorizing the debtors to implement procedures to maintain and protect confidential health information of residents as required by HIPAA); *In re*

*Quorum Health Corp.*, Case No. 20-10766 (KBO) (Bankr. D. Del. May. 1, 2020) (same); *In re EBH TOPCO, LLC*, Case No. 18-11212 (BLS) (Bankr. Del. May 24, 2018) [D.I. 40] (same).

## NOTICE

15. Notice of this Motion is being provided to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; (iv) the Centers for Medicare & Medicaid Services; (v) the Attorney General for the State of California; (vi) all parties on the Debtors' consolidated list of 30 largest unsecured creditors; and (vii) all parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1(m). As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-l(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

*[ remainder of page intentionally left blank ]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 19, 2022　　　　　　　　/s/ Laura Davis Jones
　　　　　Wilmington, Delaware　　　　　　Laura Davis Jones (DE Bar No. 2436)
　　　　　　　　　　　　　　　　　　　　　Timothy P. Cairns (DE Bar No. 4228)
　　　　　　　　　　　　　　　　　　　　　Mary F. Caloway (DE Bar No. 3059)
　　　　　　　　　　　　　　　　　　　　　**PACHULSKI STANG ZIEHL & JONES LLP**
　　　　　　　　　　　　　　　　　　　　　919 North Market Street, 17th Floor
　　　　　　　　　　　　　　　　　　　　　P.O. Box 8705
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-8705 (Courier 19801)
　　　　　　　　　　　　　　　　　　　　　Telephone:　(302) 652-4100
　　　　　　　　　　　　　　　　　　　　　Facsimile:　(302) 652-4400
　　　　　　　　　　　　　　　　　　　　　Email:　　　ljones@pszjlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　tcairns@pszjlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　mcalloway@pszjlaw.com

　　　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　　　　Hamid R. Rafatjoo (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　Carollynn H.G. Callari (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　David S. Forsh (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　**RAINES FELDMAN LLP**
　　　　　　　　　　　　　　　　　　　　　1350 Avenue of the Americas, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10019-4801
　　　　　　　　　　　　　　　　　　　　　Telephone:　(917) 790-7100
　　　　　　　　　　　　　　　　　　　　　Email:　　　hrafatjoo@raineslaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　ccallari@raineslaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　dforsh@raineslaw.com

　　　　　　　　　　　　　　　　　　　　　*Proposed Counsel for the Debtors and Debtors-in-Possession*