**EXHIBIT A**

**(Proposed Interim Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22- 10877 (     ) |
| Debtors. | (Joint Administration Requested) |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO CONTINUE USE OF EXISTING BANK ACCOUNTS, CASH MANAGEMENT SYSTEM AND BUSINESS FORMS, AND GRANTING RELATED RELIEF

Upon the motion (the "Motion") filed by the above-captioned Debtors and debtors-in-possession (the "Debtors"), seeking entry of an order authorizing continued use of the existing Bank Accounts, Cash Management System and Business Forms, and for related relief; and upon the First Day Declaration; and upon the record of the hearing on the Motion held before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is warranted and in interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized to maintain and use the existing Bank Accounts listed on Exhibit A to the Motion in the name and with the account numbers existing immediately prior to the Petition Date.

3. The Debtors are authorized, but not directed, to maintain and use their existing Cash Management System.

4. The requirements in the Guidelines that the Debtor establish a specific new bank account for tax payments, and a separate debtor-in-possession account for cash collateral, are hereby waived.

5. The Debtors shall retain the authority to close or otherwise modify some or all of its Bank Accounts and open new debtor-in-possession accounts, or otherwise make changes to its Cash Management System as it may deem necessary to facilitate these bankruptcy cases and their operations, or as may be necessary to comply with the requirements of any debtor-in-possession financing facility or cash collateral usage approved by this Court. In the event that the Debtors open or close any additional bank accounts, such opening or closing shall be timely indicated on the monthly operating reports or notice of such opening or closing shall otherwise be timely provided to the U.S. Trustee and counsel to any official committee appointed in these bankruptcy cases. The Debtors may open new bank accounts only on not less than 3 days' prior written notice to the U.S. Trustee and counsel to any official committee appointed in these cases and only with a bank that (a) is organized under the laws of the United States of America or any state therein, (b) agrees to be bound by the terms of this Order, and (c) has executed a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute such an agreement.

6. The Debtors are authorized to deposit funds in and withdraw funds from its Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

7. The Debtors are authorized to continue to use all pre-printed checks, correspondence, and Business Forms, including but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms without reference to the Debtors' status as debtors-in-possession; provided however, that upon the depletion of any pre-printed check stock, letterhead and envelopes, the Debtors will obtain new such checks, letterhead and envelopes reflecting its status as debtor-in-possession; provided, further, however, that with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing "Debtor-in-Possession" or "DIP" and the case number on such checks.

8. The banks identified on Exhibit A to the Motion and any and all other financial institutions receiving or transferring funds from the Debtors are hereby authorized and directed to continue to service and administer the Bank Accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, provided that nothing contained herein shall authorize any such bank to honor any check issued or dated prior to the date of the commencement of these cases, except as otherwise provided by further order of this Court. In no event shall any of the banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn

against uncollected funds. The Debtors may continue to pay, and the banks may continue to charge and collect, all customary and usual fees arising from or related to the Bank Accounts.

9. Within 5 business days from the date of entry of this Order, the Debtors shall (i) serve a copy of this Order on all banks at which the Bank Accounts are maintained, and (ii) request that each such bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

10. Subject to section 553 of the Bankruptcy Code, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

11. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

12. The Debtors are hereby granted an extension of time to comply with the requirements section 345(b) of the Bankruptcy Code for a period of thirty (30) days from the Petition Date, without prejudice to the Debtors' rights to seek a further waiver.

13. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

14. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order. This Order, and all

acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection, pending the entry of a final order by this Court.

16. This Order shall be served on all parties receiving notice of the Motion, as set forth in the Motion, and any other party filing a request for notice pursuant to Bankruptcy Rule 2002 within three (3) business days of entry of this Order.

17. A final hearing to consider the relief requested on the Motion (the "Final Hearing") shall be held on _____ \_\_\_, 2022 at \_\_\_:\_\_\_ (Eastern Time). Any objections or responses to the Motion shall be filed and served so as to be actually received on or before _____ \_\_\_, 2022 at \_\_\_:00 p.m. (Eastern Time). If no objections are filed, then the Court may enter a final order granting the relief requested in the Motion without further hearing.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.