IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Joint Administration Requested) |
| | Re: Docket No. 9 |

**INTERIM ORDER AUTHORIZING DEBTORS TO PAY CERTAIN
PREPETITION TAXES AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") pursuant to Bankruptcy Code sections 363(b), 507(a)(8) and 541(d), and Bankruptcy Rules 6003, 6004(a), and 6004(h), authorizing the Debtors to pay certain certain prepetition sales, use, and similar taxes and regulatory fees in the ordinary course of business and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these proceedings and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms used and not defined herein have the meanings given to such terms in the Motion.

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having considered statements from counsel and evidence adduced in support of the Motion on an interim basis at the hearing held before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors, in their business judgment, are authorized, but not directed, to pay the Taxes and Fees as they deem appropriate in the ordinary course of business without further application to this Court, including making all payments, and honoring and satisfying all obligations, whether relating to the period prior or subsequent to the Petition Date, *provided, however,* that such payments for prepetition Taxes and Fees shall not exceed $102,000 in the aggregate, absent further order of this Court, *and provided further,* that in the 21 days from entry of this Interim Order, the Debtors shall not pay any such amounts in excess of $60,700 in the aggregate, without further order of the Court.

3. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Interim Order.

4. The Debtors are authorized, but not directed, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the chapter 11 cases with respect to prepetition amounts in connection with the Debtors' Taxes and Fees as set forth herein.

5. Nothing in the Motion or this Interim Order shall impair the ability of the Debtors or any party in interest to contest the validity or amount of any payment made pursuant to this Interim Order.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim or lien, (c) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code, or (d) a grant of third-party beneficiary status or bestowal of any additional rights on any third party.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

9. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), or otherwise, this Interim Order shall be immediately effective and enforceable upon its entry.

11. A final hearing to consider the relief requested on the Motion shall be held on October 25, 2022 at 11:00 a.m. (Eastern Time). Any objections or responses to the Motion shall be filed and served so as to be actually received on or before October 18, 2022 at 4:00 p.m. (Eastern Time). If no objections are filed, the Court may enter a final order granting the relief requested in the Motion without further hearing.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: September 21st, 2022**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

4

DOCS_DE:240666.3 54622/001