IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al*.,[1] | Case No. 22-10877 (LSS) |
| Debtors. | Re: Docket No. 8 |

**INTERIM ORDER AUTHORIZING DEBTORS' PAYMENT
OF CERTAIN PREPETITION EMPLOYEE-RELATED
CLAIMS AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**"), pursuant to sections 105(a), 363(b), 503(b), 507(a), and 541(b)(1) of title 11 of the United States Code, (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an interim and final order authorizing, but not directing, the Debtors to pay prepetition employee obligations within the applicable statutory amounts, continue and honor employee benefit plans and related obligations in the ordinary course of business, and satisfy all withholding obligations, and for related relief; and upon the First Day Declaration; and upon the record of the hearing on the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these proceedings and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates,

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue to honor and pay, in their sole discretion, amounts owing on account of Wages and Salaries, Independent Contractor Obligations, PTO Programs, Health Plans, Dental Plans, Vision Plans, Personal Insurance Programs, Workers' Compensation Program, Retirement Plan, Flexible Spending Programs, EAP, Business Expenses, Withholding Obligations (collectively, the "**Employee Obligations**"), up to the amounts set forth in paragraph 3 of this Order, including payment to any third parties providing processing or administration services related to such obligations, all in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' operations; *provided*, *however*, that prior to the entry of a final order on the Motion no individual shall be paid in excess of $15,150 for any prepetition Employee Obligations.

3. Notwithstanding anything to the contrary herein, pending entry of the Final Order, the Debtors are authorized, but not directed, in their sole discretion, to pay, remit, or reimburse, as applicable, not more than an aggregate amount of $670,000 (exclusive of accrued time under PTO Benefits, which the Debtors may cash out solely upon termination of an employee to the extent applicable state law requires such payment) for the following obligations:

| Compensation and Benefits Obligations | Amount |
|---|---|
| | |
| Wages and Salaries | $500,000 |
| Independent Contractor Obligations, | $21,067 |
| Benefit Plans | $79,866 |
| Personal Insurance Programs | $4,782 |
| | |
| Retirement Plan | $2,300 |
| Flexible Spending Programs | $40 |
| Business Expenses | $60,000 |
| | |
| Total | $668,055 |

4. Each of the Debtors' banks, financial institutions and payroll processors are authorized to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtors' payroll and general disbursement accounts related to Employee Obligations, whether presented before or after the Petition Date, provided that sufficient funds are available in the applicable accounts to cover such payments.

5. Subject to the limitations contained in this Order, the Debtors are authorized, but not directed, in their sole discretion, to continue their Employee benefit plans, programs, policies, and procedures, and to continue performing under the CBA, all in the ordinary course of business after the Petition Date and in accordance with prepetition practices. To the extent that any employment or other agreements relating to the foregoing or other Employee Obligations may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, at this time the Debtors have not sought authority to assume or otherwise address such contracts in any way, and no relief is granted in respect thereof.

6. Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the

Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation or leave time upon termination of an employee, unless generally applicable state law requires such payment.

7. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Order shall be served on all parties receiving notice of the Motion, as set forth in the Motion, and any other party filing a request for notice pursuant to Bankruptcy Rule 2002 within two (2) business days of entry of this Order.

11. A final hearing to consider the relief requested on the Motion shall be held on October 25, 2022 at 11:00 a.m. (Eastern Time). Any objections or responses to the Motion shall be filed and served so as to be actually received on or before October 18, 2022 at 4:00 p.m. (Eastern Time). If no objections are filed, the Court may enter a final order granting the relief requested in the Motion without further hearing.

12. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**Dated: September 21st, 2022**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:240665.3 54622/001