## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10877 (LSS)<br><br>(Jointly Administered)<br><br>Related Dkt. Nos. 70, 72, 74<br><br>**Hearing:  October __, 2022 at __:00 __m**<br>**Objections Due:  October __, 2022 at**<br>**4:00 pm** |
| MARINER HEALTH CENTRAL, INC.,<br>PARKVIEW HOLDING COMPANY GP, LLC,<br>AND PARKVIEW OPERATING COMPANY,<br>LP,<br><br>Plaintiffs.<br><br>v.<br><br>FILIMON ARZETA, *et al.*<br><br>Defendants | Adv. Pro. No. 22-50418 (LSS) |
| MARINER HEALTH CENTRAL, INC.,<br>PARKVIEW HOLDING COMPANY GP, LLC,<br>AND PARKVIEW OPERATING COMPANY,<br>LP,<br><br>Plaintiffs.<br><br>v.<br><br>UNITED STATES OF AMERICA ex rel.<br>INTEGRA MED ANALYTICS LLC,<br><br>Defendant. | Adv. Pro. No. 22-50419 (LSS) |

---

[1]    The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

MARINER HEALTH CENTRAL, INC.,
PARKVIEW HOLDING COMPANY GP, LLC,
AND PARKVIEW OPERATING COMPANY,
LP,

                 Plaintiffs.

    v.

PEOPLE OF THE STATE OF CALIFORNIA,

                 Defendant.

Adv. Pro. No. 22-50420 (LSS)

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO CONTINUE HEARING ON MOTIONS OF THE DEBTORS FOR AN ORDER EXTENDING THE AUTOMATIC STAY, OR IN THE ALTERNATIVE GRANTING INJUNCTIVE RELIEF, TO STAY PROSECUTION OF CERTAIN ACTIONS AGAINST NON-DEBTOR AFFILIATES

The Official Committee of Unsecured Creditors (the "Committee") hereby moves for an adjournment of the hearing on the (i) *Motion of the Debtors for an Order Extending the Automatic Stay, or in the Alternative, Granting Injunctive Relief, to Stay Prosecution of the Integra Action Against Non-Debtor Affiliates* [D.I. 70, Adv. No. 22-50419 D.I. 3] (the "Integra Stay Motion"), (ii) *Motion of the Debtors for an Order Extending the Automatic Stay, or in the Alternative, Granting Injunctive Relief, to Stay Prosecution of Certain Actions Against Non-Debtor Affiliates* [D.I. 72, Adv. No. 22-50418 D.I. 3] (the "Covered Actions Stay Motion"), and (iii) *Motion of the Debtors for an Order Granting Injunctive Relief and Enjoining Prosecution of the PSC Action* [D.I. 74, Adv. No. 22-50420 D.I. 3] (the "PSC Stay Motion" and together with the Integra Stay Motion and the Covered Actions Stay Motion, the "PI Motions"), which are currently set for hearing on October 25, 2022, at 11:00 a.m.  The Committee requests the Court adjourn the PI Motions until a period following the determination of the pending *Motion to Transfer Venue of Bankruptcy Cases to the United States Bankruptcy Court for the Northern District of California* [D.I. 76] (the "Venue Motion"), and any joinders thereto, and until such time as the Committee

and any other party in interest has the opportunity to take discovery in connection with the relief requested in the PI Motions and enter the proposed Order attached hereto as Exhibit A.

In support of the relief sought herein, the Committee states as follows:

## PRELIMINARY STATEMENT

1.      The PI Motions seek extraordinary relief on an unreasonable timeline that prevents the Committee and any other parties in interest sufficient time to conduct even the most cursory diligence into the Debtors' asserted bases of relief.  Despite their failure to articulate a need for immediate relief, the Debtors rejected the Committee's request to extend the briefing schedule or adjourn  the hearing on the PI Motions, pending discovery.

2.      The newly-appointed Committee and its advisors are charged with ensuring that the Debtors' actions, and the relief they seek, inures to the benefit of all of their unsecured creditors, who are the only creditors in these proceedings.  The Committee cannot carry out its statutory mandate of oversight on such a compressed timeline because it requires time and access to rudimentary information solely in the Debtors' possession in order to satisfy its fiduciary obligations to these estates.  The Committee does not have sufficient time to conduct discovery with respect to the approximately 20 actions for which the Debtors seek relief on behalf of their nearly 50 non-debtor affiliates.

3.      Having determined to seek protection from this Court, the Debtors cannot self-select the applicability of due process in these cases.  Similarly, having elected *not* to include their non-debtor affiliates within this bankruptcy, the Debtors' untested assertion that the continuation of litigation against non-debtors would harm these estates is not a sufficient basis for extending significant bankruptcy protections to non-debtors whose actions are otherwise not subject to the supervision of this Court.

4.      The Committee must be given a fair opportunity to fully examine the facts underlying each of the PI Motions, including without limitation the Debtors' supporting declarant, and must be given a reasonable opportunity to conduct that discovery and to brief its findings and views before this Court.  Accordingly, the Committee requests that the hearing on the PI Motions be adjourned until the later of (i) the date set for the initial scheduling conference in each of the above-captioned adversary proceedings, as required by Rule 7001-1(a)(iii) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); or (ii) twenty-one (21) days after adjudication of the Venue Motion, so that the Committee and its newly engaged professionals have a full and fair opportunity to examine the facts underlying the PI Motions and prepare any appropriate response.

## BACKGROUND

5.      On September 19, 2022 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.      Prior to the Petition Date, the Debtors, together with certain non-debtor affiliates, were named as defendants in lawsuits in multiple state and federal courts that are at various stages, ranging from initial pleadings to the post-judgment appellate phase.

7.      In addition to filing their petitions and motions seeking first-day relief, on the Petition Date, the Debtors commenced three adversary proceedings, *Mariner Health Central, Inc. et al. v. Arzeta, et al.*, Adv. No. 22-50418 (the "Covered Actions Adversary"), [2] *Mariner Health Central, et al. v. United States of America ex rel. Integra Med Analytics LLC*, Adv. No. 22-50419 (the "Integra Action Adversary"), and *Mariner Health Central, Inc., et al. v. People of the State of*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Declaration of Lawrence Perkins in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 12] (the "Perkins Declaration").

Case 22-10877-LSS    Doc 96    Filed 10/17/22    Page 5 of 14

*California*, Adv. No. 22-50420 (the "PSC Action Adversary" and, collectively with the Covered Actions Adversary and the Integra Action Adversary, the "Adversary Proceedings") by filing complaints (each, a "Complaint" and collectively, the "Complaints") seeking injunctive relief, and, in the Covered Actions Adversary and the Integra Action Adversary, declaratory relief extending the protection of the automatic stay to other defendants, all of which are individuals or entities that are affiliates of the Debtors (the "Non-Debtor Affiliates") and to enjoin numerous plaintiffs, many of whom are current or former residents of the Debtors' skilled nursing facilities, from prosecuting state court actions to recover damages from the Debtors' many affiliates and insurers.

8.     In connection with the Adversary Proceedings, on October 4, 2022, the Debtors filed the PI Motion in these cases and in each of the respective Adversary Proceedings, similarly seeking to extend the protection of the automatic stay and to enjoin the continuation of all pending state and federal court actions for the benefit of their Non-Debtor Affiliates.  Each of the PI Motions is accompanied by a Declaration from the Director of Legal Affairs of Debtor Mariner Health Central, Inc., Kristy Owen, asserting facts in support of the PI Motions.[3]

9.     On October 5, 2022, certain individuals, each of whom is party to litigation pending against one or more of the Debtors, filed the Venue Motion.  On October 6, 2022, the State of California filed its *Joinder by the State of California in Support of the Motion of the Ledesma Action Plaintiffs to Transfer Venue of Affiliated Chapter 11 Bankruptcy Case to the United States Bankruptcy Court for the Northern District of California* [D.I. 80].

---

[3] *See Declaration of Kristy Owen in Support of Motion of the Debtors for an Order Granting Injunctive Relief and Enjoining Prosecution of the Integra Action Against Non-Debtor Affiliates* [D.I. 71, Adv. No. 22-50419 D.I. 4], *Declaration of Kristy Owen in Support of Motion of the Debtors for an Order Granting Injunctive Relief and Enjoining Prosecution of the Covered Actions Against Non-Debtor Affiliates* [D.I. 73, Adv. No. 22-50418 D.I. 4], and *Declaration of Kristy Owen in Support of Motion of the Debtors for an Order Granting Injunctive Relief and Enjoining Prosecution of the PSC Action Against Non-Debtor Affiliates* [D.I. 75, Adv. No. 22-50420 D.I. 4] (collectively, the "Owen Declarations").

5

25873226-v6

10.     On October 7, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee, which comprises seven members:  (i) James Cearly Jr., by and through his Guardian *ad litem*, Sandra Cearly; (ii) Lisa Cabrera, Individually, as Successor in Interest of Louie Sira and as Personal Representative of the Estate of Louie Sira; (iii) Nancy Sanchez, as Successor in Interest and on behalf of the Estate of Jose Sanchez; (iv) Ronald Berinstein as Power of Attorney for Margo L.; (v) Scott Cook; (vi) Integra Med Analytics, LLC; and (vii) Skypower Secure Solutions, Inc. *Notice of Appointment of Committee of Unsecured Creditors* [D.I. 83].  Six of the members of the Committee are defendants in the Adversary Proceedings.

11.     The Committee selected proposed counsel on October 11, 2022 and selected a financial advisor on October 14, 2022.

12.     The Debtors declined the Committee's request to extend the period to respond to or to adjourn the PI Motions pending discovery.

## JURISDICTION

13.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b).  The statutory predicates for the relief sought herein are Section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 9006, 9013, and 9014 (the "Bankruptcy Rules"), and Local Rule 7001-1(a).

## RELIEF REQUESTED

14.     The Committee requests the hearing on the PI Motions be adjourned until after the Court has issued its decision on the Venue Motion and the Committee and any other party in

interest has had a fair opportunity to take discovery with respect to the extraordinary relief Debtors

seek.[4]

## ARGUMENT

**I.    *This Court Should Adjourn the PI Motions Pending Full Discovery and Briefing***

15. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of power.

11 U.S.C. § 105(a).

16.    This Court has the authority, and should exercise its discretion, to adjourn the hearing on the PI Motions as requested herein. *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (describing trial courts' "wide discretion in setting their own calendars).  The issues implicated by the PI Motions go to the heart of the bankruptcy process and notions of due process, including which entities are entitled to this Court's protection.  Rather than seeking protection for all of the Mariner Companies, the Debtors were cherry-picked from a 50+ entity enterprise that includes numerous co-defendants.  Yet the Debtors are seeking for their Non-Debtor Affiliates one of the most powerful tools of bankruptcy – the benefit of the automatic stay – without any of the accompanying burdens, including this Court's oversight.  For example, Debtors completely ignore whether or how the extension of the automatic stay would supposedly benefit the creditors.

---

[4] Contemporaneously herewith, the Committee has filed its Objection to the PI Motions, which, in the absence of the adjournment sought herein, seeks a denial of the Debtor's PI Motions.

17.    "[E]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Philadelphia Newspaper, Inc. v. Gannett Satellite Information Network, Inc.,* 1998 U.S. Dist. LEXIS 10511, at *4 (E.D.Pa. July 15, 1998) (quoting *Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)).  The Third Circuit primarily utilizes a "reasonableness inquiry" test to determine the permissibility of expedited discovery in anticipation of a pending preliminary injunction hearing.  *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. CIV.A. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003) (citing *RDS Group Ltd. v. Davison,* No. 02-8168, 2003 LEXIS 1337 (E.D.Pa. Jan. 17, 2003) (granting expedited discovery for pending preliminary injunction hearing); *Educational Commission for Foreign School Medical Graduates v. Repik,* No. 99-1381, 1999 U.S. Dist. LEXIS 7185 (E.D.Pa. May 14, 1999); *BABN Technologies Corp. v. Bruno,* No. 98-3409, 1998 U.S. Dist. LEXIS 14802 (E.D.Pa. July 24, 1998) (same); *Philadelphia Newspaper, Inc. v. Gannett Satellite Information Network, Inc.,* No. 98-2782, 1998 U.S. Dist. LEXIS 10511 (E.D.Pa. July 15, 1998) (same); *Energetics Sys. Corp. v. Advanced Cerametrics,* No. 95-7956, 1996 U.S. Dist. LEXIS 2830 (E.D.Pa. Mar. 5, 1996) (same); *see also Gucci America, Inc. v. Daffy's, Inc.,* 2000 U.S. Dist. LEXIS 16714, at *17 (D.N.J. Nov. 14, 2000) (rejecting a lower standard because Gucci's discovery motion was *not* in aid of a pending preliminary injunction hearing)).[5]

18.    The reasonable inquiry test "focuse[s] on the circumstances of the case: the pending preliminary injunction hearing, the need for discovery, and the breadth of the moving party's discovery requests. If narrowly tailored to fit the needs of the hearing, leave to conduct expedited discovery would be granted." *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. CIV.A. 03-3546,

---

[5] This test is a direct rejection of the *Notaro* test utilized by other circuits which was developed using "stringent factors [that] are appropriate to protect the defendants at such an early stage of litigation." *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. CIV.A. 03-3546, 2003 WL 22519440, at *2 (E.D. Pa. Oct. 2, 2003) *(citing Notaro v. Koch,* 95 F.R.D. 403, 405 (S.D. N.Y. 1982))).

2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003).  While the *Imagineering* Court ultimately denied the plaintiff's motion for expedited discovery, it did so in large part because "there is no pending preliminary injunction hearing for which the parties need to prepare, rendering the need to expedite discovery less urgent." *Id.* at *5.

19.     Expedited discovery is appropriate here.  The Debtors seek a stay extension or injunctive relief without having provided any meaningful opportunity for the newly-appointed Committee to test the assertions in the PI Motions and the testimony in the Owen Declarations. The Committee was formed on October 7, 2022, selected counsel on October 11, 2022, and selected a financial advisor on October 14, 2022.  The Committee believes that financial advisory expertise is necessary to aid in fashioning the discovery required in connection with the PI Motions given, among other things, the Debtors and the Non-Debtor Affiliates' complex structure.

20.     The Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs also may prove highly relevant to the PI Motions.  Given their October 19, 2022 due date, they likely will not be filed until after the present objection deadline.  Even if the schedules and statements are filed before the current deadline provided by the Local Bankruptcy Rules, the Committee's professionals will not have had the opportunity to fully analyze them prior to the present October 18, 2022 deadline to respond to the PI Motions, and the U.S. Trustee, the Committee, and any other party in interest will not have had the opportunity to question the Debtors at the statutory  meeting of creditors, which is scheduled for October 26, 2022.

21.     In order to allow the Committee an opportunity to properly discharge its fiduciary obligations, the Committee requests the Court set the matter for full and proper consideration only after the Committee has had a fair opportunity to develop the record after appropriate discovery, briefing, and argument.

25873226-v6

22.     Both the PI Motions and the supporting Owen Declarations assert various harms that could befall the Debtors' estates if the Covered Actions, the Integra Action, and the PSC Action are permitted to proceed in the early days of these chapter 11 cases. For example, the Debtors highlight in all three PI Motions the indemnity obligation of Debtor Mariner under the Support Agreements, as well as the applicable corporate governance documents. *See, e.g.* PSC Stay Motion at ¶¶ 22-24.

23.     Setting aside the fact that the asserted indemnity obligation itself may not be enforceable, the PI Motions rely on single examples as evidence of across-the-board harm entitling them to relief. With respect to the alleged indemnity obligation, for example, despite the existence of multiple Support Agreements, the Debtors attached the same exemplar to each of the Owen Declarations. *See*, *e.g.*, Owen Declarations [D.I. 71, 73, 75] at Ex. A. The Committee is entitled, at a minimum, to review each applicable agreement, including each cited section. The Debtors' insistence of the broadest possible relief for non-debtors while providing the barest minimum of evidentiary support is not sufficient. The Committee is entitled to understand and test the Debtors' facts in each instance.

24.     By way of further example, the Debtors claim that allowing the Covered Actions to proceed will lead to "the depletion of any shared insurance coverage that otherwise could be available to the Debtors for the benefit of their estates." *See*, Covered Actions Stay Motion at ¶ 35.[6] The Debtors further state that, with respect to the Integra Action and the Covered Action that their insurance has been exhausted altogether – eliminating shared insurance as an argument in favor of staying those actions – while arguing in the PSC Action that insurance coverage will be

---

[6] Elsewhere in the PI Motions and the supporting Owen Declarations, the Debtors claim that "all available insurance coverage has already been exhausted." *See*, Covered Actions PI Motion at ¶ 43; *see also* D.I. 71,¶ 20; D.I. 75, ¶ 24.

25873226-v6

insufficient to cover the costs of litigation.  *See*, Covered Action PI Motion at ¶¶ 34, 43; Integra

PI Motion at ¶¶ 3, 47; PSC PI Motion at ¶¶ 42, 47.  The Debtors have neither provided copies of

the applicable policies to the Committee, nor filed them with this Court.  Nor have the Debtors

provided any evidence their coverage has been entirely consumed.  The Debtors must afford the

Committee the opportunity to evaluate the merits of their factual assertions, and must be given a

reasonable period of time to do so.  At the very least, the Committee should have the opportunity

to depose Ms. Owen, and to examine all evidence Debtors rely on in seeking extraordinary relief.[7]

25.     Finally, the Committee notes the pending Venue Motion, which is also set for

hearing on October 25, 2022.  If this Court determines a change of venue is appropriate, the

standard for granting the relief sought in the PI Motions will be the standard applied in the court

to which the chapter 11 cases are transferred, which may differ from those applied in this Circuit.

Given the Debtors' stated desire to conserve estate assets, the Committee submits that efficiencies

dictate delaying any decision on the merits of the PI Motions until a reasonable period after a ruling

on the Venue Motion.  *See Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 136 (D. Me. 2009)

(staying proceedings pending resolution of motion to transfer as "considerations of judicial

economy weigh heavily in favor of imposing a brief stay").

## II.     *The Debtors Have Failed to Comply with Local Rule 7001-1(a)*

26.     Local Rule 7001-1(a) set forth the circumstances under which a party may deviate

from the rules governing adversary proceedings.  Local Rule 7001-1(a) provides:

---

[7] On October 14, 2022, the Committee served limited discovery on the Debtors in connection with the PI Motions. The Committee hereby reserves its right to supplement its Objection to the PI Motions, filed contemporaneously herewith, including without limitation to the extent the Committee receives responsive information in a manner that permits the Committee to analyze such responsive information prior to the October 18, 2022 deadline to object to the PI Motions.

25873226-v6

(a) Deviation From Rules Governing Adversary Proceedings.

> (i) Any party seeking relief that deviates in any manner from, or proposes additional obligations or procedures set forth in, the Federal Rules of Civil Procedure, the Fed. R. of Bankr. P., the District Court Rules, or the Local Rules governing Adversary Proceedings (the "Rules Governing Adversary Proceedings"), except a motion limited to a request for additional time to affect service of process under the applicable Rules, shall file a motion identifying with specificity the following: (A) Each instance in which the relief sought by and through such motion deviates from, or seeks procedures or obligations in addition to, any of the Rules Governing Adversary Proceedings; and (B) The good faith reason(s) the movant seeks to deviate from, or seeks procedures or obligations in addition to, such Rules Governing Adversary Proceedings.

> (ii) Any motion for relief brought pursuant to this Local Rule by the party initiating an adversary proceeding shall be served on all parties to the adversary proceeding in accordance with the service requirements of these Local Rules and the Federal Rules of Bankruptcy Procedure, and shall not include an objection deadline earlier than the date by which the party is required to answer, move or otherwise respond to the complaint.

> (iii) Any motion brought pursuant to this Local Rule shall be scheduled to be heard by the Court no earlier than the initial scheduling conference for the affected adversary proceeding.

Local Rule 7001-1(a).

27.    The Debtors have failed to satisfy *any* of the requirements of Local Rule 7001-1(a). They have failed to articulate how the relief sought in the PI Motions deviate from the Rules Governing Adversary Proceedings, let alone the good faith reason(s) why they seek to deviate from those rules.  Further, the objection deadline set by the Debtors is well in advance of the date by which any of the defendants to the Adversary Proceedings are required to answer or otherwise move or respond to the complaints.  Finally, the Debtors have set the PI Motions for a date clearly in advance of any initial scheduling conference in the Adversary Proceedings, for which **_no_** date has been set.  The Debtors' failure to comply with the Local Rule, alone, provides cause for the Court to adjourn the hearing on the Debtors' PI Motions.

25873226-v6

**NO PREVIOUS RELIEF**

28.    The Committee has not previously sought the relief sought herein. Contemporaneously herewith, the Committee has filed a motion to shorten notice with respect to this Motion, seeking to have it heard by this Court on an exigent basis.

**NOTICE**

The Committee has served this Motion on Debtors' counsel, the U.S. Trustee, and all parties requesting notice pursuant to Bankruptcy Rule 2002.

**RESERVATION OF RIGHTS**

The Committee expressly reserves all rights with respect to challenging the validity, propriety, jurisdiction, and venue of these  chapter 11 cases, including without limitation seeking to dismiss the chapter 11 cases pursuant 11 U.S.C. § 1112 and transferring them pursuant to 28 U.S.C. §§ 1406, 1408 and 11 U.S.C. § 105.

[*Remainder of page intentionally left blank.*]

25873226-v6

**WHEREFORE**, the Committee respectfully requests that the Court (i) continue the PI Motions to a date after which venue has been decided and the Committee and any other party in interest has had an opportunity to take discovery and following briefing and argument; (ii) enter the proposed Order attached hereto as Exhibit A; and (iii) grant such other and further relief as the Court believes is reasonable and appropriate.

Dated:  October 17, 2022
Wilmington, Delaware

**ROBINSON & COLE LLP**

*/s/ Jamie L. Edmonson*
Natalie D. Ramsey (No. 5378)
Jamie L. Edmonson (No. 4247)
1201 North Market Street, Suite 1406
Wilmington, Delaware  19801
Telephone:  (302) 516-1700
Facsimile:  (302) 516-1699
nramsey@rc.com
jedmonson@rc.com

and

Rachel Jaffe Mauceri (*pro hac vice pending*)
1650 Market Street, Suite 3030
Philadelphia, Pennsylvania  19103
Telephone:  (215) 398-0556
rmauceri@rc.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Mariner Health Central, Inc., et al.*

25873226-v6