IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. Case No. 22-10877 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Obj. Deadline: TBD** |

**DEBTORS' RESPONSE TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' MOTION TO SHORTEN NOTICE WITH
RESPECT TO THE COMMITTEE'S MOTION TO CONTINUE HEARING
ON MOTIONS OF THE DEBTORS FOR AN ORDER EXTENDING THE
AUTOMATIC STAY, OR IN THE ALTERNATIVE GRANTING INJUNCTIVE
RELIEF, TO STAY PROSECUTION OF CERTAIN ACTIONS
AGAINST NON-DEBTOR AFFILIATES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this response (the "Response") to the motions to shorten notice (collectively, the "Motion to Shorten") filed by the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' main bankruptcy case and in the three adversary actions commenced by the Debtors on the Petition Date with respect to the Committee's related motions to adjourn (collectively, the "Motion to Adjourn") the hearing on the PI Motions[2] the Debtors filed on October 4, 2022. In support of this Response, the Debtors respectfully state as follows:

1.  The Debtors provided twenty-one days' notice of the hearing on the PI Motions. It was not until very recently that the Committee requested an adjournment of the hearing.

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms not otherwise defined herein shall have the meanings given them in the Motion to Shorten.

2.      Contrary to the Committee's assertions in the Motion to Shorten, Debtors' counsel talked with Committee counsel and offered to move all matters scheduled for October 25th to a later date (except for standard second day hearings for which the Debtors require final relief), in an effort to provide the Debtors and the Committee time to discuss the cases, pending issues, and to attempt to resolve and narrow the scope of the differences between the parties.  Instead of agreeing to work together, the Committee insisted that the Venue Motion must go forward as scheduled, and the Committee would provide no accommodation on that front.

3.      While it is understandable why certain individual creditors that are plaintiffs in the PI matters may want to flip-flop the order of matters before the Court, the Debtors found it telling that the Committee is questioning motions that seek to protect creditors of these Debtors' estates as a whole, but yet needed no time to properly analyze which venue would truly be best for these Debtors, their estates and creditors.  The situation raises questions of whether the Committee is doing the bidding for certain individual creditors that sit on the Committee rather than proceeding for the interests of all creditors.

4.      The Committee is comprised of 7 members, including 3 Ledesma Action plaintiffs and 3 other litigation claimants who are subject to the Debtors' requested declaratory and injunctive relief that is at issue here.  The Debtors also note that, in initial discussions, the Committee actually requested that the Debtors continue their requested relief to proceed with the Ledesma Appeals, and the discovery propounded by the Committee actually relates to the

Ledesma Appeals as well. The request for discovery appears to be nothing more than a strategy tactic.

5.  More broadly, and as the Debtors will set forth in more detail in their opposition to the Committee's Motion to Adjourn, the relief requested by the Debtors is plainly in the best interests of the estates and creditors generally. The Debtors extensively set forth the bases for the requested relief in their Motions. Further discovery – and particularly the discovery requested by the Committee – is neither warranted nor appropriate. It is unfortunate that the Committee appears to be set on acting in the interests of litigation claimants that have a controlling vote on the Committee.

6.  The situation is unfortunate but the Court should not reward the Committee's conduct. The Debtors are willing to work with the Committee to provide time and accessibility to respond to the real time discovery just issued by the Committee. The Debtors did ask, that in exchange, the Committee agree also to an adjournment of the Venue Motion. The Committee would not agree to that adjournment, but yet insisted on the adjournment of the PI Motions.

7.  While the Debtors vigorously dispute the characterizations of the situation the Committee included in the Motion to Shorten and the Motion to Adjourn, the Debtors do not oppose the Court scheduling a hearing on the Motion to Adjourn at the omnibus hearing scheduled for October 25, 2022 at 11:00 a.m., with the Debtors' response due before 4:00 p.m. on October 21, 2022. However, the Debtors request that the Court not reward any inappropriate tactics and that all parties be prepared to move forward on the PI Motions at the October 25th hearing date in the event the Court denies the Motion to Adjourn.

8. The Debtors look forward to having a cooperative relationship with the Committee for the interests of all creditors, and did not want the Court to have any impression that the Debtors are not willing to provide reasonable accommodations to the Committee. The courtesies should be mutual.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) scheduling a hearing on the Motion to Adjourn for October 25, 2022 at 11:00 a.m., (ii) setting an objection deadline of October 21, 2022 at 4:00 p.m., and (iii) granting such other relief as the Court deems just.

| | |
|---|---|
| Dated: October 18, 2022<br>Wilmington, Delaware | /s/ *Mary F. Caloway*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Mary F. Caloway (DE Bar No. 3059)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>         tcairns@pszjlaw.com<br>         mcaloway@pszjlaw.com |

   and -

Hamid R. Rafatjoo (*pro hac vice*)
Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**RAINES FELDMAN LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019-4801
Telephone:  (917) 790-7100
Email: hrafatjoo@raineslaw.com
 ccallari@raineslaw.com
 dforsh@raineslaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*