IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | ) | Case No. 22- 10877 (LSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**OBJECTION AND CROSS-MOTION OF THE LEDESMA ACTION PLAINITFFS FOR RELIEF FROM THE AUTOMATIC STAY**

By this Objection and Cross-Motion, the Ledesma Action Plaintiffs ("Ledesma Action Plaintiffs"), by and through the undersigned counsel, object to the Debtors' request to continue the Ledesma Appeals and via its Cross-Motion seek the entry of an order allowing the Ledesma Action Plaintiffs to pursue their Plaintiff Cross Appeals and respectfully represent as follows:[2]

**BACKGROUND**

1. The Ledesma Action Plaintiffs hold claims against the Debtors arising in the case of *Ledesma et al. v. Mariner Health Care, Inc., et al.*, Case No. RG19-025110, Superior Court of State of California., County of Alameda (the "Ledesma Action"). In the Ledesma Action, the Court found Debtor, Parkview Operating Company, LP ("Parkview"), and Debtor, Mariner Health Central, Inc. ("Mariner Central"), liable to the Ledesma Action Plaintiffs in the amount of $14,911,914.00, inclusive of fees and costs and with interest at the rate of ten percent (10%) per annum from the date of the entry of judgment until paid (collectively, the "Ledesma Judgment").

2. The Debtors in their Motion for Relief [Dkt No. 16] (the "Motion"), seek to continue the Ledesma Appeals.[3] However, at the same time they do not seek to allow the Ledesma

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.
[2] The Debtors have stipulated that the Ledesma Action Plaintiffs may bring one combined objection and cross-motion to the Debtors' Motion for Relief.
[3] Capitalized terms used but not defined herein have the meanings given to them in the Debtors' Motion.

Action Plaintiffs to continue with the Plaintiff Cross Appeals.

3. Further, the Ledesma Action Plaintiffs have filed a Motion to Transfer Venue of this case [Dkt. No. 76] (the "Transfer Venue Motion"). The Ledesma Action Plaintiffs have been joined in that request by the State of California [Dkt. No.80]. The Ledesma Action Plaintiffs have requested that the Debtors postpone their Motion until after the Transfer Venue Motion is decided, but the Debtors have declined to do so. Therefore, the Ledesma Action Plaintiffs contend that this Court is not the proper venue to decide the Motion or this cross-motion, but if the Court determines that Delaware is the proper venue, that relief be granted to the Ledesma Action Plaintiffs to pursue the Plaintiff Cross Appeals.

4. The Debtors take a curious position in their Motion. They argue that "[it] is crucial for the Debtors and their estate that Ledesma Appeals be resolved." Motion ¶ 15. Yet they do not seek to resolve the appeals in total. It makes no sense in terms of judicial efficiency to have the Appeals Court hear the Ledesma Appeals and not the Plaintiff Cross Appeals simultaneously. Further, the Debtors admit in their first day pleadings that they cannot afford the appeals bonds for the Ledesma Appeals but then the Debtors immediately filed their Motion for Relief to continue the Ledesma Appeals. Therefore, the Debtors are improperly attempting to use the automatic stay as both a shield and a sword. The Debtors seek to shield themselves from paying the appeals bonds and at the same time are using the automatic stay as a sword to prosecute their Ledesma Appeals while stopping the Plaintiff Cross Appeals. Thus, the Debtors seek to prosecute its own Ledesma Appeals (despite filing for Bankruptcy to not have to pay the appeals bonds) and leave the Appeals Court and the Ledesma Action Plaintiffs to parse out what would be an allowed appeal defense and what might run afoul of the automatic stay. This Court should not place that burden on the Appeals Court but allow the Appeals Court to run its own docket as it sees fit.

**RELIEF REQUESTED**

5.      The Ledesma Action Plaintiffs seek relief from the automatic stay to continue the Plaintiff Cross Appeals.  The Ledesma Action Plaintiffs object to the Debtors' request that it be allowed solely to prosecute its Ledesma Appeals.

**BASIS FOR RELIEF REQUESTED**

6.      As the Debtors recognize in their Motion, the automatic stay is applicable to the commencement or continuation of all judicial proceedings against the Debtors.  11 U.S.C. § 362(a)(1). Thus, the stay in this case applies to both the Debtors' Ledesma Appeals and the Plaintiff Cross Appeals.

7.      Because a stay under Bankruptcy Code §362 is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances.  *In re Rexene Prods., Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).  Here, the Ledesma Action Plaintiffs are entitled to relief from the stay under Bankruptcy Code §361(d)(1), which provides:

> (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . .
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. §362(d)(1).

8.      The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See In re Rexene Prod. Co.*, 141 B.R. at 576; *Sonnax Indus. v. Tri Component Prod. Corp. (In re Sonnax Ind., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).  "Cause" for modification of the stay "is an intentionally broad and flexible concept that permits . . . [a] [b]ankruptcy [c]ourt, as a court of equity, to respond to inherently fact-sensitive

situations." *See In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Accordingly, courts determine what constitutes "cause based on the totality of the circumstances in each particular case." *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) (citing *Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995)).

9. The legislative history of section 362(d)(1) indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene Products Co.*, 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300).

10. This Court has previously applied an equitable balancing test to determine if "cause" exists to lift the stay. *In re Rexene Products Co.*, 141 B.R. at 576. Under the equitable balancing test, the Court reviews three factors:

> (1) whether prejudice will be caused to either the bankruptcy estate or the debtor;
>
> (2) whether the hardship to the movant by maintenance of the automatic stay outweighs the hardship caused to the debtor; and
>
> (3) whether the movant has a reasonable probability of prevailing on the merits of the suit.

*Id*.

11. The stay is not meant however, to be used by a debtor to pursue its creditors, as more litigation is hardly consistent with the concept of a breathing spell for the debtors. Instead, the stay is a shield, not a sword that should help the debtor deal with his bankruptcy for the benefit of himself and his creditors." *In Re Scarborough-St. James Corp.*, 2015 WL 4940043 (LSS)

4

(Bankr. D. Del. August 18, 2015); *In re Residential Capital, LLC*, 2012 WL 3249641, at *2 (Bankr. S.D.N.Y. Aug. 7, 2012) quoting *Sternberg v. Johnston*, 582 F.3d 114 (9th Cir. 2009) (internal quotation marks omitted).

12. Here, the Debtors are not seeking a breathing spell of litigation, they very much want to continue their litigation, while seeking to stay the Plaintiff Cross Appeals. This Court in *In Re Scarborough-St. James Corp.* would not allow the debtor to use the automatic stay as a sword rather than a shield when it was the Debtors not seeking breathing room from litigation. This Court found that the focus of that case was a landlord-tenant dispute, that the debtor in that case had few unsecured creditors, no secured creditors and was generally paying its debts when due. This Court concluded that there would be little prejudice to the debtors to lift the stay because the state court was in best position to decide the controversy, that the landlord demonstrated the requisite slight showing of success on the merits because they had won at an arbitration already and the Debtors were attempting to the use the automatic stay as a sword rather than a shield.

13. The same result should occur here. The focus of the Debtors' case is the Ledesma Judgment, the Debtors have no secured creditors, and the Ledesma Judgment demonstrates that the Ledesma Action Plaintiffs have a probability of success on the merits as judgments are in general hard to overturn on appeal.

14. The Debtors approach of only continuing with the Ledesma Appeals will not aide the Debtors in resolving the Ledesma Judgment quickly as they appear to desire. Rather, it will only promote piecemeal litigation of the Ledesma Appeals. If the Debtors really want to know what debt is owed to the Ledesma Action Plaintiffs, then both the Ledesma Appeals and the Plaintiff Cross Appeals should be decided by the Appeals Court as quicky and efficiently as possible. Once the appeals are decided both parties will have full knowledge of the debt owed by

the Debtors and how the Debtors plan to deal with the debt in their Bankruptcy.

15. Finally, if the Debtors seek to continue the Ledesma Appeals this Court should not place an additional burden on the Appeals Court on how they should run their docket. The Appeals Court is perfectly capable of handling the Ledesma Appeals and the Plaintiff Cross Appeals as they see fit.

## CONCLUSION

16. The Ledesma Action Plaintiffs object that this Court is the proper venue to determine the Debtors' Motion. If the Court determines that Delaware is the proper venue and does not transfer the case, the Ledesma Action Plaintiffs request that the Court deny Debtors' Motion. The Ledesma Action Plaintiffs at the same time request this Honorable Court grant the Ledesma Action Plaintiffs Cross-Motion for Relief to continue the Plaintiff Cross Appeals.

Dated: October 18, 2022              **HOGAN ♦ McDANIEL**

                                                     */s/ Daniel K. Hogan*
                                                     Daniel K. Hogan (#2814)
                                                     Garvan F. McDaniel (#4167)
                                                     1311 Delaware Avenue
                                                     Wilmington, DE 19806
                                                     (302)656-7540; (302) 656-7599 (f)
                                                     dkhogan@dkhogan.com
                                                     gfmcdaniel@dkhogan.com

                                                     *Attorneys for the Ledesma Action Plaintiffs*