# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MARINER HEALTH CENTRAL, INC., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. Case No. 22-10877<br>(Jointly Administered)<br>Re: Docket No. 60 |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
RAINES FELDMAN LLP AS ATTORNEYS FOR THE DEBTORS
EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Raines Feldman LLP ("RF") as their attorneys effective as of the Petition Date, pursuant to Sections 327(a) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules for the District of Delaware (the "Local Rules"); and the Court having reviewed the Application and the Rafatjoo Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Rafatjoo Declaration that (a) RF does

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

1

not hold or represent an interest adverse to the Debtors' estates and (b) RF is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested therein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ RF as their attorneys, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. RF is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, RF may render the following legal services:

   a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business and properties;

   b. advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

   c. attending meetings and negotiating with representatives of creditors and other parties in interest;

    d.    taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

    e.    preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

    f.    representing the Debtors in connection with obtaining authority to postpetition financing, if required;

    g.    advising the Debtors in connection with any potential sale of assets;

    h.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

    i.    advising the Debtors regarding tax matters;

    j.    taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

    k.    performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of any liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4.    Notwithstanding anything in the Engagement Letter or Application to the contrary, the Debtors are under no obligation to indemnify or hold RF harmless for anything arising out of this engagement.

5.    Notwithstanding anything in the Engagement Letter or Application to the contrary, the Arbitration and Withdrawal provisions as set forth in the Engagement Letter shall be of no force or effect during the chapter 11 cases and such matters shall be handled by the Bankruptcy Court.

6.    RF shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  RF shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this Application and any interim and final fee application to be filed by RF in these Chapter 11 Cases.

7. The Debtors and RF are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. To the extent the terms of the Application or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.