# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. Case No. 22-10877 |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. —61** |

### ORDER AUTHORIZING DEBTORS' EMPLOYMENT AND RETENTION OF SIERRACONSTELLATION PARTNERS, LLC AND DESIGNATION OF LAWRENCE R. PERKINS AS CHIEF RESTRUCTURING OFFICER OF DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors") requesting entry of an order authorizing Debtors' employment of SierraConstellation Partners, LLC ("Sierra") and designation of Lawrence R. Perkins ("Mr. Perkins") as Chief Restructuring Officer ("CRO"), effective as of the Petition Date, pursuant to sections 105 and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); and upon the *Declaration of Lawrence R. Perkins in Support of Debtors' Application for Entry of an Order (I) Authorizing the Debtors to Employ and Retain SierraConstellation Partners, LLC to Provide the Debtors with a Chief Restructuring Officer and Additional Personnel and (II) Designating Lawrence R. Perkins as the Debtors' Chief Restructuring Officer, Effective as of the Petition Date*; and having heard the statements of

---

[1]  The Debtors, along with the last four digits of each Debtors' tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273).  The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3089839.1
3096056.2
DOCS_DE:240835.2 54622/001241015.1 54622/001

counsel in support of the relief requested in the Application at the hearing before the Court, if any (the "Hearing"); and the Court finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, venue of these Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§1408 and 1409, and this is a core matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of Application and the Hearing were sufficient under the circumstances and that no further notice need be given; and the Court finding that  Sierra is "disinterested", represents no interest adverse to the Debtors' estates, the terms of the engagement are reasonable and appropriate, and Sierra's retention and Mr. Perkins designation as CRO of the Debtors effective as of the Petition Date is necessary and appropriate under the circumstances; and after due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized, pursuant to section 363 of the Bankruptcy Code, to retain and employ Sierra and appoint Mr. Perkins as CRO effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and Engagement Letter, and to pay fees and reimburse expenses to Sierra on the terms set forth therein in the ordinary course of business; provided that any such fees and expenses are subject to the filing of a report of staffing on the engagement for the previous month ("Monthly Staffing Report") and to any objection filed in response to such Monthly Staffing Report as set forth in this Order.  All amounts paid by the Debtors to Sierra pursuant to such procedures shall be treated and allowed as administrative expenses.

ACTIVE/118929757.2

3089839.1
3096056.2
DOCS_DE:240835.2 54622/001241015.1 54622/001

3.      The CRO will act under the direction, control, and guidance of the applicable Debtor's Board.

4.      Sierra and its affiliates shall not act in any other capacity (for example and without limitation, as an investment banker, financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases.

5.      The Debtors retention of Sierra and Mr. Perkins under the Engagement Letter shall also be subject to the following terms, which shall apply notwithstanding anything to the contrary in the Engagement Letter or Application:

     a.      In the event the Debtors seek to have Sierra personnel assume officer positions that are different than the positions disclosed in this Application, or to materially change the terms of the engagement by either (i) broadening the functions of the SCP Personnel beyond those performed as of the Petition Date, or (ii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

     b.      No principal, employee, or independent contractor of Sierra or any of its affiliates shall serve as a director of any of the Debtors during the pendency of the Chapter 11 Cases;

     c.      Sierra shall file Monthly Staffing Reports with the Court, with copies to the United States Trustee ("U.S. Trustee") and counsel to any official committees appointed in these cases (together, the "Notice Parties"), covering staffing, fees and expenses incurred during the prior month. All staffing, fees and expenses shall be subject to review and adjudication by the Court in the event an objection is filed to a Monthly Staffing Report, as set forth herein.

     d.      Each Monthly Staffing Report shall: (i) be filed with the Court, and provided to the Notice Parties, within 14 days of the date the fees and expenses identified in such Monthly Staffing Reports are paid by the Debtors, (ii) include the names and functions of the individuals assigned, (iii) report compensation earned and expenses incurred by Sierra during the reported month, (iv) contain summary charts which describe the services provided, identify the compensation earned by each officer and staff employee provided, and itemize the expenses incurred, and (v) append time records containing detailed entries describing the task(s) performed on a daily basis, and organized by project category and for

ACTIVE/118929757.2

3089839.1
3096056.2
DOCS_DE:240835.2 54622/001241015.1 54622/001

services performed on an hourly basis, set forth hourly rates and identify the time spent completing each task in 0.10-hour increments, with the corresponding total charge for each task. The Notice Parties shall have fourteen (14) days after the date each Monthly Staffing Report is served on the Notice Parties to object in writing to such Monthly Staffing Report. In the event an objection is raised and not consensually resolved between the Debtors and the objecting party, all staffing and compensation shall be subject to review by the Court. Upon receipt of any objection, the Debtors shall deduct an amount equal to the amount objected to from the next payment to Sierra until such objection is resolved, either consensually or by Court order.

e.      Any success fees, transaction fees, or other back-end fees shall be approved by separate order of the Court at the conclusion of the case on a reasonableness standard and are not being preapproved by this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

f.      The Debtors are permitted to indemnify those persons serving as officers, on the same terms as provided to the Debtors' other officers and directors under the Debtors' bylaws and applicable state law and to provide insurance coverage to such officers under the Debtors' existing director and officer insurance policies. There shall be no indemnification of Sierra or its affiliates.

g.      For a period of three (3) years after the conclusion of the engagement, neither Sierra nor any of its affiliates shall make any investments in the Debtors or Reorganized Debtors, as applicable.

h.      Sierra shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties-in-interest. This obligation to disclose is a continuing obligation.

6.      Notwithstanding any provision to the contrary in the Engagement Letter or the Application or Declaration, any limits on liability to the amount of professional fees paid to Sierra, shall not be effective during the bankruptcy case.

7.      Notwithstanding Section 23 of the Engagement Letter, all CRO support shall provide services in a fiduciary capacity.

4

8.    Termination of the engagement is subject to the jurisdiction of the Bankruptcy Court and further motion practice as necessary.

9.    In the event that, during the pendency of these cases, Sierra seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Sierra's  fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that Sierra shall not seek reimbursement of any fees incurred defending any of Sierra's fee applications in these cases.

10.    6. Sierra is authorized to hold any retainer balance from the Debtors not applied as of the Petition Date to provide security throughout the Chapter 11 Cases, and to be applied pursuant to further order of the Court.

11.    7. The Debtors and Sierra are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12.    8. To the extent this Order is inconsistent with the Application or any other documents related to Sierra's engagement with respect to the Chapter 11 Cases, this Order shall govern.

ACTIVE/118929757.2
3089839.1
3096056.2
DOCS_DE:240835.2 54622/001241015.1 54622/001

13.    9.  The requirements of Bankruptcy Rules 6004(a) and (h) are hereby waived and notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14.    10.  The Court will retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

ACTIVE/118929757.2

3089839.1
3096056.2
DOCS_DE:240835.2 54622/001241015.1 54622/001