# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Mariner Health Central Inc. | ) | Case No.    22-10877 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Parkview Operating Company, LP | ) | Case No.    22-10878 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Parkview Holding Company GP, LLC | ) | Case No.    22-10879 |

## REPLY IN SUPPORT OF
## JOINDER BY THE STATE OF CALIFORNIA IN SUPPORT OF THE MOTION OF THE LADESMA ACTION PLAINTIFFS TO TRANSFER VENUE OF AFFILIATED CHAPTER 11 BANKRUPTCY CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

## I.  THE PRINCIPAL PLACE OF BUSINESS OF DEBTOR, MARINER HEALTH CENTRAL INC., IS CALIFORNIA

The President of Mariner Health Central Inc. testified under oath that the offices in Maryland and Georgia are not for Mariner Health Central Inc., but for the parents, National

Senior Care Inc., Mariner Health Care Inc. and Mariner Health Care Management Co. Although Mariner Health Central hold the leases and pays for them, they are not Mariner Health Central Inc. offices.

> "**Question:** Does Mariner Health Care, Inc. have an office?
>
> **Answer:** It uses that Georgia address as its office.
>
> **Question:** And as Mariner Health Central advances the cost of that office for National Senior Care, so does it also advance the cost of the office on behalf of Mariner Health Care, Inc.?
>
> **Answer:** Well, I just -- just want to be clear that I think the lease is actually in the name of Mariner Health Central, Inc.
>
> **Question:** Okay.
>
> **Answer:** And those other entities also use that address.
>
> So they don't have separate leases for each of those entities with that law firm."
> (Depo of Ken Tabler, President of Mariner Health Central Inc. Page 22 and 23)[1]

To make it more certain, and just to be clear, the direct question was asked of Mr. Tabler.

> "**Question:** Okay. Where is Mariner Health Central, Inc.'s office?
>
> **Answer:** We -- we really don't have a physical location. Our consultants -- we're like a sales force. You put the sales force out in the field. And we want those people, you know, serving the clients.
>
> **Question:** Okay. Does it have a nominal office somewhere?

---

[1] The entire transcript of the Deposition of Kenneth Tabler dated, February 15, 2022, is attached as Exhibit 1, to the *Declaration of Douglas Allen in Reply to the Objection re Venue.*

REPLY IN SUPPORT OF JOINDER BY CALIFORNIA IN SUPPORT OF THE MOTION TO TRANSFER VENUE

_2

**Answer:** I believe in Oakland, we have a billing office, which is -- you know, could -- could accommodate, you know, 20, 25 people. But if people need it, they can use that location.

**Question:** And that's in Oakland, California?

**Answer:** Yes, sir." (Tabler Depo, page 26, line 19 to page 27, line 8).

Someone is gravely mistaken or possibly deliberately not truthfully testifying. Either Mr. Tabler, who has been the President of Mariner Health Central Inc. for 8 years and the accounting consultant before that through Fundamental Administrative Services,[2] is wrong or Mr. Perkins who has been a reorganization officer since last fall is wrongly testifying.

## II. DEBTOR HAS FAILED TO DISCLOSE MATERIAL FACTS ABOUT THE SO-CALLED CREDITORS THAT SUPPORT VENUE AS CHOSEN BY DEBTOR.

In the Mr. Perkins' declaration, he fails to disclose the material fact that the President of Mariner Health Central Inc., Kenneth Tabler, is a long-time employee of Fundamental Administrative Services.[3] The selection of law in a contract between Fundamental Administrative Services and Mariner Health Central Inc. is irrelevant as what is Mr. Tabler going to do—sue himself?

Mr. Perkins also forgot to tell the Court that the landlord for Parkview Operating Company, Tampa Avenue Properties LLC, originally had its principal place of business listed at 1331 North California Blvd., Walnut Creek, California, and as of 2022, has its principal place of business at, 1179 West A Street, suite 130, Hayward, California.[4]

---

[2] Tabler Deposition Page 15.
[3] Ibid.
[4] The official records are attached as Exhibit 2, to the *Declaration of Douglas Allen in Reply to the Objection re Venue.*

Mr. Perkins forgot to mention that PharMerica is a Fortune 1,000 company with an office serving the California East San Francisco Bay, located at, 32980 Alvarado-Niles Rd # 836, Union City, California, exactly 20.8 miles to the Oakland, California, United States Bankruptcy Court at, 1300 Clay St, Oakland, California.[5]

Debtor cites to an opinion of Alameda County Judge Grili in the Ladesma case, but fails to disclose that that ruling addresses only the location of the parent "holding companies", not the Debtor. Mr. Perkins cites to the order of Judge Seligman in the People's enforcement action, but fails to disclose that the order is not final. Indeed, the order is subject to a new trial motion because Judge Seligman was deceived by the Mariner parent corporations into believing that Mariner Health Central Inc. does not have its principal place of business in California, contrary to the admissions by its President, Kenneth Tabler, in sworn testimony as recounted above.

### III.    THE PEOPLE DO NOT SEEK A CHANGE OF VENUE AS A "LITIGATION TACTIC."

While they ignore the plight of their more than two thousand elder dependent residents, Debtor continues to engage in childish hyperbole accusing the California Attorney General and the team of District Attorneys of seeking a venue change as a "litigation tactic". The People have outlined elsewhere the frustration with the Debtors and the entire Mariner system which continues to understaff their facilities, deny residents basic due process, and hide violent incidents. They are the source of their own misery by skimming profits through the misuse of publicly funded medical care through Medicare and Medicaid while refusing to provide the level of services paid for by the taxpayers to care for their dependent elder adult residents. The People

---

[5] A copy of directions is attached as Exhibit 3, to the *Declaration of Douglas Allen in Reply to the Objection re Venue.*

have earnestly tried to work with Debtors for over a year to reach an agreement to improve the conditions of the residents. On October 4th, the People's representatives met with Mariner all day and negotiated a preliminary injunction and a special master order to allow both sides to investigate and remedy unlawful practices and conditions through the special masters. The People believed that an agreement had been reached regarding the order to be entered in State Court. No discussion of venue change occurred. However, the People expected Mariner to hold off on filing their motion for immediate relief under 11 USC §105, in the adversary proceeding because the negotiated order would vitiate the need for further litigation. Mariner none the less filed their request for immediate relief. The People requested that they withdraw the motion in light of the agreement, but they refused. Instead, Mariner began to try to re-negotiate material terms of the agreement. The People were forced to defend the motion filed in the adversary proceeding. The People filed a joinder of the Ladesma plaintiffs' motion because it was already on calendar and the People's joinder would avoid the waste of resources to set a separate motion and then request joinder of the hearings.

## IV. MARINER IS THE PARTY ENGAGING IN "LITIGATION TACTICS."

The United States Bankruptcy Court is no place for gamesmanship. Reorganization is serious business as is the attempt by California to stop Mariner from neglecting its residents. This is not the place to omit material information in arguing matters, nor is it enough to frivolously refuse to obey the law as applicable to elder dependent residents in Mariner's care. Part of the gamesmanship was to file this bankruptcy proceeding in Delaware where Debtors may have technical venue, but clearly no other connection. 100% of their business is in California.

Ken Tabler testified under oath on February 15, 2022, that, "... prior to 2011 or -- Mariner was in a number of states. But 2011 forward, it's really only operated in California."[6]

This case does not belong in Delaware. It belongs in California where Mariner is impacting the lives of vulnerable elderly dependent people. Everyone who does business with Mariner does business with their California operations, because that is where all of the money is generated.

Dated: October 6, 2022

ON BEHALF OF THE PEOPLE OF THE STATE OF CALIFORNIA

By: /s/ *Douglas B. Allen*

DOUGLAS B. ALLEN    CA. SBN 99239
ASSISTANT DISTRICT ATTORNEY FOR THE
COUNTY OF SANTA CRUZ, CALIFRONIA
701 Ocean Street, Room 200
Santa Cruz, CA 95060
(831)454-2930
douglas.allen@santacruzcounty.us

---

[6] Tabler Deposition page 60, lines 2-4.