# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 63 |

### ORDER APPROVING PROCEDURES FOR THE RETENTION AND COMPENSATION OF ORDINARY COURSE PROFESSIONALS EFFECTIVE AS OF THE PETITION DATE

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, approving procedures for the employment and payment of certain professionals used in the ordinary course of the Debtors' operations (collectively, the "OCPs"), as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held,

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms used and not defined herein have the meanings ascribed in the Motion.

if necessary, a hearing on the Motion; and the Court having found that the legal and factual bases set forth in the Motion and at the hearing thereon, if any, establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth therein.

2. The Debtors are authorized, but not directed, to employ and compensate OCPs, including but not limited to those listed on Exhibit 1 hereto, in accordance with the terms of this Order.

3. The following procedures (the "OCP Procedures") for the employment and compensation of OCPs are hereby approved:

    a. Before the Debtors may compensate any OCP, the Debtors shall first file and serve upon counsel for any statutory committee appointed in these cases and the United States Trustee (collectively, the "Reviewing Parties") a declaration of such OCP substantially in the form attached as Exhibit 2 hereto (the "OCP Declaration"). The OCP Declaration will be filed on or before the later of (x) 15 days after entry of an order granting the relief requested herein or (y) 15 days after an OCP's commencement of postpetition services.

    b. The Reviewing Parties will have 10 days after service of each OCP Declaration (the "Objection Deadline") to object to the Debtors' employment of such OCP. Any objecting party will file and serve any such objection upon each of the Reviewing Parties and the respective OCP on or before the Objection Deadline. The Objection Deadline may be extended by written consent of the Debtors to facilitate resolution of any informal objection. If any such objection cannot be consensually resolved by the Debtors within 14 days of its receipt, the objection will be scheduled for adjudication by the Court. If no objection is filed by any of the Reviewing Parties by the Objection Deadline with respect to any particular OCP, the Debtors will be authorized to employ such OCP in accordance with the OCP Procedures.

c.  After retention in accordance with the procedures set forth above, each OCP may present to the Debtors a monthly invoice setting forth in reasonable detail the nature of the services rendered by such OCP for the applicable monthly period and calculated in accordance with such OCP's standard billing rates (without prejudice to the Debtors' right to dispute any invoice). The Debtors will be authorized to pay, without the requirement of further Court approval, 100% of the postpetition fees charged and expenses incurred by such OCP; provided that the fees and costs charged by an OCP, excluding costs, do not, as an average over a rolling three-month period, exceed the amount identified for such professional on the attached Exhibit 1 (the "Average Monthly Cap").

d.  In the event that an OCP seeks payment of fees and costs in excess of the Average Monthly Cap for any three-month period, such OCP will be required to submit a fee application for the full amount of fees and costs in such three-month period in accordance with sections 330 and 331 of the Bankruptcy Code and any applicable Bankruptcy Rules, the Local Rules, and orders of the Court; *provided, however*, that that the Average Monthly Cap may be increased for an OCP for a given period by agreement among the Debtors and the Reviewing Parties; *provided, further,* that if an OCP does not in the ordinary course of business maintain time records in tenth-of-an-hour increments, and indicates that to be the case in its OCP Declaration, the requirements of Local Rule 2016-2 shall be waived to permit said OCP to submit time records in whatever time increments such professional ordinarily maintains their time, and setting forth a description of the services rendered and the professionals rendering such services on behalf of the Debtors. In connection with any Fee Application filed by an OCP that is an attorney, that OCP shall make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013.

e.  Beginning with the period from the Petition Date to December 31, 2022, and for every fiscal quarter thereafter, within 30 days following the end of such period, the Debtors will file with the Court and serve upon the Reviewing Parties a statement that will include: (i) the name of each OCP; (ii) the amount paid as compensation for services rendered and reimbursement of expenses incurred by each OCP during the previous period; and (iii) a general description of the services rendered by each OCP during such period. The Debtors will continue to file such statements through the earlier of the dismissal or conversion of these cases or the confirmation of a chapter 11 plan.

f.  The Debtors may supplement the list of OCPs on Exhibit 1 hereto from time to time, in their discretion, as necessary to add or remove OCPs without the need for further Court approval. In such event, the Debtors shall file a supplemental list of OCPs with the Court and serve it on the Reviewing Parties, who shall then have 10 days to object to the Debtors' employment and compensation of any supplemental professionals. If no such objection is timely received (as such

3

period may be extended by written consent of the Debtors to facilitate resolution of any informal objection), the Debtors shall be authorized to employ and compensate each additional OCP on such supplemental list in accordance with the OCP Procedures set forth above. If such objection is received and cannot be consensually resolved by the Debtors within 14 days of its receipt, the objection will be scheduled for adjudication by the Court.

4. The Debtors' right to dispute any invoices from OCPs shall not be affected or prejudiced in any manner by the relief granted in this Order.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

6. Notwithstanding anything else herein, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from the Court (a) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Cap.

7. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## Ordinary Course Professional List

| Professional | Address / Contact | Services Provided | Average Monthly Cap |
|---|---|---|---:|
| Lewis Brisbois Bisgaard & Smith, LLP | Attn: Bryan R. Reid<br>650 East Hospitality Lane, Suite 600<br>San Bernardino, CA 92408 | Professional liability, labor & employment counsel. | $30,000 |
| Hooper Lundy & Bookman PC | Attn: Scott Kiepen<br>101 Montgomery St., 11th Floor<br>San Francisco, CA 94104 | Litigation and regulatory legal services. | $25,000 |
| Seyfarth Shaw LLP | Attn: Cynthia Mitchell<br>620 Eighth Avenue, 32nd Floor<br>New York, NY  10018-1405<br><br>Attn: Bethany Pelliconi<br>2029 Century Park East, Ste 3500<br>Los Angeles, CA 90067-3021 | General corporate, compliance, and litigation legal services. | $15,000 |
| Ogletree Deakins Nash Smoak & Stewart PC | Attn: James Shea<br>50 International Dr<br>Patewood IV, Suite 200<br>Greenville, SC 29615 | Employer issues and workplace safety legal services. | $10,000 |
| Rehaste Harvey Wilson & Salamoff LLP | 1221 E Dyer Rd Ste 200<br>Santa Ana, CA 92705 | Litigation and collection services. | $1,500 |

## **EXHIBIT 2**

**Form Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION IN SUPPORT OF [FIRM] PURSUANT TO THE
APPROVED PROCEDURES FOR ORDINARY COURSE PROFESSIONALS**

I, [DECLARANT], pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a [POSITION] of [THE FIRM] (the "Firm"). I submit this declaration ("Declaration") is submitted in accordance with the *Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals Effective as of the Petition Date* [Docket No. XX] (the "OCP Order"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order.

2. The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases have requested that the Firm provide certain services to the Debtors, and the Firm has agreed to do so. The requested services include _____
_____.

3. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "Interested Parties List") from counsel to the Debtors, which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the above

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

captionedchapter 11 cases (the "Interested Parties") and undertook a search for any connections between the Firm and the Interested Parties. [IF CONNECTIONS: The Firm's review of such Interested Parties identified the following connections, including current and prior representations [INSERT DESCRIPTION]]. [IF NO CONNECTIONS: The Firm's review of such Interested Parties did not identify any connections, including current and prior representations.]

4. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these cases for persons that are parties in interest in these cases. The Firm does not perform services for any such persons in connection with these cases.

5. To the best of my knowledge, neither the Firm nor any professionals who are expected to provide the Services to the Debtors holds or represents an interest adverse to the Debtors or their estates with respect to the matters on which the Firm is proposed to be employed.

6. Neither I, nor any professional employed by the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

7. As of the Petition Date, the Firm [held a prepetition retainer of $ _____][did not hold any retainer].

8. [ATTORNEYS] The Debtors [do/do not] owe the Firm for any fees or expenses for services performed prior to the date these cases were commenced.] [The Debtors owe the Firm $_____ for prepetition services.]

9. [NON-ATTORNEY PROFESSIONALS] The Firm is either not owed any amounts for prepetition services or the Firm has agreed to waive any amounts owed on account of services

rendered and expenses incurred prior to the commencement of the chapter 11 cases in connection with the Firm's employment by the Debtors.

10. [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of those inquiries, or] [a/A]t any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: _____, 2022          _____
                                                                                    [Name]