**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 7, 35 and 118** |

**REPLY IN SUPPORT OF MOTION OF DEBTORS FOR INTERIM**
**AND FINAL ORDERS AUTHORIZING DEBTORS TO CONTINUE USE**
**OF EXISTING BANK ACCOUNTS, CASH MANAGEMENT SYSTEM**
**AND BUSINESS FORMS, AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this reply (this "Reply") in support of the *Motion of Debtors for Interim and Final Orders Authorizing Debtors to Continue Use of Existing Bank Accounts, Cash Management System and Business Forms, and Granting Related Relief* [Docket No. 7] (the "Cash Management Motion") and in response to *The Official Committee of Unsecured Creditors' Response to (I) Motion of Debtors for Interim and Final Orders Authorizing Debtors to Continue Use of Existing Bank Accounts, Cash Management System and Business Forms, and Granting Related Relief and (II) Proposed Budgets* [Docket No. 118] (the "Committee Response").  For the reasons set forth herein, the Debtors respectfully submit that, to the extent not consensually resolved, the Committee Response should be overruled and the Court should enter an order approving the Cash Management Motion on a final basis.  In support of the Cash Management Motion and this Reply, the Debtors respectfully state as follows:[2]

---

[1]      The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2]      Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

## **REPLY**

1.      The Debtors expect the concerns raised in the Committee Response will be consensually resolved prior to the hearing on the Motion.  The Committee Response seeks to limit the amount of cash transferred from the Debtors to their non-Debtor affiliates under the Cash Management System and reflects a misunderstanding of the Debtors' Cash Management System.  The Debtors will work with the newly formed Committee and its professionals to provide them with the information needed for them to understand the Debtors' cash management system, especially as it relates to intercompany transactions.  To that end, on October 19, 2022, the Debtors' professionals informed the Committee's proposed counsel and financial advisers that cash does not systematically flow from the Debtors to non-Debtor affiliates under the Debtors' Cash Management System.  Generally, the only payments made from a Debtor to a non-Debtor affiliate are as described in the paragraphs below.[3]

2.      Debtor Parkview Operating Company, LP ("Parkview") makes ordinary course payments to its non-Debtor affiliate, Bio-Pacific LLC ("Bio-Pacific"), for physical therapy and rehabilitation services that Bio-Pacific provides to residents of Parkview's facility pursuant to contract.  The payments to Bio-Pacific are based on invoices submitted to Parkview for services rendered on an hourly basis and generally range from $50,000 to $60,000 per month, and sometimes up to approximately $70,000.  The Debtors seek authority to continue making such payments in the ordinary course of business to ensure that resident care is not interrupted.  If the

---

[3]      The Committee Response also raised concerns about any payments being made from the Debtors to Emily Grunstein (the ultimate owner of the Mariner Companies).  As stated at the first day hearing on the Cash Management Motion and the Debtors' motion for authority to pay certain prepetition employee wage obligations, the Debtors have not, and will not, make any postpetition payments to Emily Grunstein, absent a further order of the Court.  On October 19th, the Debtors confirmed same to the Committee's proposed counsel.

Court believes a cap is warranted, the Debtors request a cap of $75,000 per month for payments to Bio-Pacific, with Parkview needing Court or Committee approval to pay an aggregate monthly amount in excess of the cap.

3.      Similarly, Mariner Central does not transfer its cash to non-Debtor affiliates through the Cash Management System.  Money flows the opposite way -- from certain non-Debtor affiliates *to* Mariner Central for payment of fees for the services Mariner Central provides to the Facilities and for expense reimbursements and advancements.  Therefore, the Debtors will agree to seek Committee or Court approval before Mariner Central makes an intercompany payment to a non-Debtor affiliate.

4.      Nothing in the proposed final order on the Cash Management Motion prejudices any right the Committee may have to investigate and challenge any prepetition transactions.

5.      The Debtors expect that the information that has been provided to the Committee will resolve the concerns raised in the Committee Response.  To the extent the parties do not reach a resolution prior to the hearing on the Cash Management Motion, the Debtors submit this Reply in support of their requested relief.


[*Remainder of Page Intentionally Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) overruling the Committee Response, (ii) granting the Cash Management Motion on a final basis, and (iii) granting such other relief the Court deems just.

Dated: October 20, 2022
Wilmington, Delaware

/s/   *Mary F. Caloway*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:     ljones@pszjlaw.com
                tcairns@pszjlaw.com
                mcaloway@pszjlaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**RAINES FELDMAN LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019-4801
Telephone:     (917) 790-7100
Email:     hraftajoo@raineslaw.com
                ccallari@raineslaw.com
                dforsh@raineslaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*