# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al*.,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket ~~No~~Nos. ~~—~~ **67 and 95** |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors; and upon (i) the Rule 2016 Statement and ~~(ii)~~ the Jones Declaration, which were submitted concurrently with the Application; and (ii) the *Supplemental Declaration of Laura Davis Jones in Support of Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date* [Docket No. 95 (the "Supplemental Jones Declaration", together with the Jones Declaration, the "Jones Declarations"); and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement and the Jones ~~Declaration~~Declarations that PSZ&J does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the Debtors and the Debtors' estates; and that the district court has jurisdiction over the Application under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain the Firm as co-counsel, effective as of the Petition Date, on the terms set forth in the Application, the Rule 2016 Statement and the Jones Declaration.

3. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

PSZJ shall make a reasonable effort to comply with the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* in connection with any interim and final fee application to be filed by the Firm in these chapter 11 cases.

4. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DOCS_DE:240735.2 54622/001240735.4 54622/001