# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re Docket Nos. 6, 40 |

**FINAL ORDER (I) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, (IV) REQUIRING UTILITY PROVIDERS TO RETURN DEPOSITS FOR UTILITY SERVICES NO LONGER IN USE, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) approving the Debtors' Proposed Adequate Assurance, (b) prohibiting Utility Providers from altering, refusing, or discontinuing services, (c) approving the Debtors' proposed procedures for resolving any Additional Assurance Requests, (d) requiring Utility Providers to return deposits for Utility Services no longer in use, and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these proceedings and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. All Utility Providers are prohibited from altering, refusing, of discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

3. The following Adequate Assurance Procedures are hereby approved on a final basis:

   a. Subject to paragraphs (d)–(h) herein, to the extent not already deposited into the Adequate Assurance Accounts, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $22,000, in the Adequate Assurance Account as soon as practicable after entry of this Final Order.

   b. Each Utility Provider, for Utility Services shall be entitled to the funds in the Adequate Assurance Account equal to or approximately one-half of the Utility Providers' "average monthly bill" as reflected in the Utility Service List, and such amount shall constitute adequate assurance of payment in compliance with section 366 of the Bankruptcy Code for each Utility Provider unless an Additional Adequate Assurance Request (defined below) is made pursuant to the Adequate Assurance Procedures.

   c. For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider with a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures, and increase the Adequate Assurance Deposit by an amount

<ol type="a" start="4">
<li>

equal to two weeks of the Debtors' average cost of services from the subsequently added Utility Provider.

</li>
<li>

If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) proposed counsel to the Debtors, Raines Feldman LLP, 1350 Avenue of the Americas, 22nd Floor, New York, NY 10019-4801, Attn: Hamid R. Rafatjoo (hrafatjoo@raineslaw.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Attn: Laura Davis Jones (ljones@pszjlaw.com); (ii) counsel to the Official committee of Unsecured Creditors, Robinson & Cole LLP, Natalie D. Ramsey (nramsey@rc.com), Jamie L. Edmonson (jedmonson@rc.com), and Rachel Jaffe Mauceri (rmauceri@rc.com); and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>").  The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

</li>
<li>

Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "<u>Additional Assurance Request</u>") on the Notice Parties.

</li>
<li>

Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Additional Assurance Request on the Notice Parties.

</li>
<li>

Any Additional Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) include the alleged outstanding balance for the affected account(s); (iv) certify the amount that is equal to one-half the average monthly cost of the Utility Services the Utility Provider supplies to the Debtors over the prior 12 months; (v) certify that the Utility Provider does not already hold a deposit equal to or greater than one-half the monthly cost of Utility Services; (vi) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (vii) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

</li>
<li>

Any Utility Provider who does not file an Additional Assurance Request shall be forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

</li>
</ol>

      i.      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall have 14 calendar days from the receipt of the Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Additional Assurance Request.

      j.      Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request if the Debtors determine that the Additional Assurance Request is reasonable.

      k.      If the Debtors determine that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider within the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing (a "Determination Hearing") before the Court within ten (10) calendar days or at the next scheduled omnibus hearing, whichever is earlier, to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

      l.      Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors.

      m.      The Adequate Assurance Deposit deposited into the Adequate Assurance Account of behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider), or any portion thereof, shall be returned to the Debtors, less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases or (ii) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider will no longer be needed or will be reduced.

4.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

5.      The Debtors will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on any subsequently identified Utility Provider, and any such Utility Provider shall be bound by the Adequate Assurance Procedures.

6.      Any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease must continue paying for such Utility Services in

the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any. Any landlord may make an Adequate Assurance Request pursuant to the Adequate Assurance Procedures.

7. Upon the Debtors' discontinuation of any Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services and (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; provided that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have (i) provided such Utility Provider with fourteen (14) days' notice of such reduction and (ii) paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing the Adequate Assurance Deposit.

8. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any

other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Final Order should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

9.  The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and