IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF THE DEBTORS WITH RESPECT TO THE VARIOUS
FILINGS ON BEHALF OF THE PEOPLE OF THE STATE OF CALIFORNIA**

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this statement with respect to the recent filings, in these cases and in a related adversary proceeding, by certain governmental units on behalf of the People of the State of California [Case No. 22-10877, Docket Nos. 80, 125; Adv. Proc. No. 22-50420, Docket Nos. 5, 12] (collectively, the "**PSC Filings**") and respectfully state as follows:

1.   The PSC Filings make numerous statements and representations regarding the Debtors that are inaccurate, misleading and inflammatory.  The Debtors are compelled to file this statement because – as demonstrated by the PSC Filings themselves – their litigation opponents may attempt to mischaracterize court filings or declarations from one proceeding to attack the Debtors in another.

2.   The Debtors, and other Mariner Companies,[2] provide quality accessible healthcare to the public, including to the underserved homeless community.  In doing so, the Debtors, and other Mariner Companies, are in compliance with all applicable state and federal laws.  At the risk

---

[1]  The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273).  The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2]  Capitalized terms used but not defined herein have the meaning ascribed in the *Declaration of Lawrence Perkins in Support of Chapter 11 Petitions and Related Relief* [Docket No. 12].

1

of stating the obvious, the Debtors, and other Mariner Companies, are subject to annual and other inspections by the California Department of Public Health, and numerous licensing requirements, to confirm such compliance.

3.  Although characterized as fact, the parade of violations set forth in the PSC Filings is fiction. In truth, the Debtors, and other Mariner Companies, have not been found liable on a single violation as alleged by the PSC Action or described in the PSC Filings. Indeed, the People have failed to establish even a single such violation despite investigation of (and significant discovery on) these issues *since 2019*. The Debtors, and other Mariner Companies, deny and will continue to defend against all such allegations.

4.  The Debtors note that they, and other Mariner Companies, are very close to resolving the PSC Action by a consensual stipulation providing for temporary monitoring with certain reporting requirements. Notably, and contrary to the characterizations of the PSC Filings, in an effort to finalize a consensual resolution, the response deadlines for the People were extended but the People chose to continue their litigation gamesmanship and to file their oppositions nonetheless (without prior notice to the Debtors). While the Debtors and other Mariner Companies hope to resolve the PSC Action consensually, the Debtors and other Mariner Companies are prepared to litigate the PSC Action, where the defendants' sur-opposition brief to the preliminary injunction motion is now due on October 28, 2022.

5.  For the avoidance of doubt, there is no inconsistency whatsoever between the deposition of Mr. Tabler and the declaration of Mr. Perkins as claimed in the most recent PSC Filing. The suggestion by the People that Mr. Perkins may be "deliberately not truthfully testifying" is disgraceful. The snarky statements that Mr. Perkins "forgot to tell" or "forgot to mention" various facts – all of which are utterly irrelevant – are likewise inappropriate. Indeed,

the plain animosity of the People to the Debtors shown in the PSC Filings suggests that the Debtors and these cases would be better venued in a neutral location like Delaware.

6. The Debtors also dispute all of the statements and characterizations of the PSC Filings, including but not limited to those regarding the settlement negotiations and the PSC Action, as well as the various other purported facts and faulty arguments that have no relevance to the issues pending before this Court.

7. As this Court has continued the Debtors' motions for declaratory relief extending the automatic stay to, and/or for injunctive relief against the continuation of, various actions involving the Debtors and certain non-debtor affiliates, including the PSC Action, the Debtors reserve all of their rights to file a reply in support thereof at the appropriate time.

Dated: October 20, 2022
Wilmington, Delaware

*/s/ Mary F. Caloway*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com
mcaloway@pszjlaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**RAINES FELDMAN LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019-4801
Telephone: (917) 790-7100
Email: hrafatjoo@raineslaw.com
ccallari@raineslaw.com
dforsh@raineslaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*