# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22-10877 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re Docket Nos. 10, 37 |

## FINAL ORDER AUTHORIZING DEBTORS TO CONTINUE INSURANCE COVERAGE AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") pursuant to Bankruptcy Code sections 105(a), 363(b) and 1112 and Bankruptcy Rules 6003, 6004(a), and 6004(h), (a) authorizing, but not directing, the Debtors to pay their obligations under the insurance policies entered into prepetition (the "Insurance Policies"), and renew, supplement, modify, or purchase insurance coverage in the ordinary course; (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting related relief; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United State Constitution; and this Court having found that venue of these proceedings and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms used and not defined have the meanings given to such terms in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having considered statements from counsel and evidence adduced in support of the Motion on an final basis at the hearing held before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to maintain and honor the terms of their existing Insurance Policies, including making all postpetition payments (including postpetition fees and premiums) with respect to the Insurance Policies, including payments that come due under the Brokers' Fees, on an uninterrupted basis, and the Debtors may renew, amend, supplement, extend, reduce, or purchase new insurance policies to the extent consistent with the Debtors' ordinary course prepetition practices and to the extent that the Debtors determine that such action is in the best interest of their estates, without further order of the Court.

3. The Debtors, in their business judgment, are authorized, but not directed, to pay any prepetition claims owed under, or related to, the Insurance Policies, including Brokers' Fees, to the extent any such amounts are owed as of the Petition Date in an amount not to exceed $15,000 in the aggregate, without further order of the Court.

4. All applicable banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests pursuant to this Final Order when presented for payment (whether presented or issued prior to or after the Petition Date), and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Final Order.

5. The Debtors are authorized, but not directed, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the chapter 11 cases with respect to the prepetition amounts prepetition amounts authorized to be paid by this Order.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order (a) is intended, or shall be deemed, to constitute an assumption or adoption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or an admission as to the executory nature of any contract or agreement, (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim or lien against the Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against an Insurance Carrier; (d) shall be construed as a requirement or promise to pay any claim; and (e) shall grant any third-party beneficiary status or bestow any additional rights on any third party.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

8. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), or otherwise, this Final Order shall be immediately effective and enforceable upon its entry.

10. To the extent that the Motion is inconsistent with this Final Order, the terms of this Final Order shall govern.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.