# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al*.,[1] | Case No. 22-10877 (LSS) |
| Debtors. | Re: Docket Nos. 8, 39 |

## FINAL ORDER AUTHORIZING DEBTORS' PAYMENT OF CERTAIN PREPETITION EMPLOYEE-RELATED CLAIMS AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**"), pursuant to sections 105(a), 363(b), 503(b), 507(a), and 541(b)(1) of title 11 of the United States Code, (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an interim and final order authorizing, but not directing, the Debtors to pay prepetition employee obligations within the applicable statutory amounts, continue and honor employee benefit plans and related obligations in the ordinary course of business, and satisfy all withholding obligations, and for related relief; and upon the First Day Declaration; and upon the record of the hearing on the Motion at the hearing before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these proceedings and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and a hearing having been held to consider the relief requested in the motion; and upon the record of all hearings on the

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Motion and all of the proceedings had before the Court; and the Court having previously entered the *Interim Order Authorizing Debtors' Payment of Certain Prepetition Employee-Related Claims and Granting Related Relief* [Docket No. 39]; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to continue to honor and pay, in their sole discretion, amounts owing on account of Wages and Salaries, Independent Contractor Obligations, PTO Programs, Health Plans, Dental Plans, Vision Plans, Personal Insurance Programs, Workers' Compensation Program, Retirement Plan, Flexible Spending Programs, EAP, Business Expenses, Withholding Obligations (collectively, the "Employee Obligations"), including payment to any third parties providing processing or administration services related to such obligations, all in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' operations.

3. Each of the Debtors' banks, financial institutions and payroll processors are authorized to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtors' payroll and general disbursement accounts related to Employee Obligations, whether presented before or after the Petition Date, provided that sufficient funds are available in the applicable accounts to cover such payments.

4.  Subject to the limitations contained in this Order, the Debtors are authorized, but not directed, in their sole discretion, to continue their Employee benefit plans, programs, policies, and procedures, and to continue performing under the CBA, all in the ordinary course of business after the Petition Date and in accordance with prepetition practices. To the extent that any employment or other agreements relating to the foregoing or other Employee Obligations may be deemed executory contracts within the meaning of section 365 of the Bankruptcy Code, at this time the Debtors have not sought authority to assume or otherwise address such contracts in any way, and no relief is granted in respect thereof.

5.  Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation or leave time upon termination of an employee, unless generally applicable state law requires such payment.

6.  Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.  The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.  The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.